JULES P. BAULOS, Plaintiff in Error, *v.* GEORGE W. ASH, Defendant in Error.

### ERROR TO SANGAMON.

A deed described the party of the second part as "Amanda V. Ash, and the heirs of her body, through Horace F. Ash, her trustee and agent," and granted the premises "to the said party of the second part, her heirs and assigns." The habendum clause was as follows: "To have, hold," etc., "to the only proper use and benefit of Amanda V. Ash, and the heirs of her body, through Horace F. Ash, her trustee, and who holds said land in trust only for the said Amanda V. Ash, the said party of the second part, her heirs and assigns forever." *Held*, that the deed conveyed an estate in fee simple to Amanda V. Ash.

IN this case a decree in chancery was rendered at the November term of the Sangamon Circuit Court, A. D. 1856, in favor of the defendant in error, and against the plaintiff in error and others, on a bill to foreclose a mortgage, executed the 26th day of May, A. D. 1852, by Ira C. Ash and Amanda V. Ash his wife, with Horace F. Ash, her trustee, to defendant in error,—the bill having been amended so as further to set up that the mortgage money was advanced by defendant in error to pay for the purchase of the land by his grantors.

The decree declares that Amanda V. Ash, at the time of executing the mortgage, was seized of an estate in fee simple in the

mortgaged premises, requires the plaintiff in error and others to pay the amount decreed, and in default thereof that the premises be sold, deeds made, etc.

The plaintiff in error sets up title in himself and others, as one of the heirs of the body of Amanda V. Ash, on the death of her and Ira C. Ash, and under the same deed vesting title in them; and that Amanda V. Ash had only a life estate in the premises mortgaged.

The case was heard before DAVIS, Judge.

The plaintiff in error assigns for error:

1st.    That the court below erred in not dismissing complainant's bill.

2nd.    And erred in decreeing payment of the mortgaged debt by plaintiff in error and others, and sale of mortgaged premises.

McCLERNAND & HERNDON, for Plaintiff in Error.

A. CAMPBELL, for Defendant in Error.

SKINNER, J.   The deed in question, describes the party of the *second* part as " *Amanda V. Ash and the heirs of her body, through Horace F. Ash, her trustee and agent;*" recites that the consideration was paid " *by the said party of the second part,*" and grants " *to the said party of the second part, her heirs and assigns,*" the premises described.

The *habendum* clause is as follows:   " *To have, hold,*" etc., " *to the only proper use and benefit of Amanda V. Ash and the heirs of her body, through Horace F. Ash, her trustee, and who holds said land in trust only for the said Amanda V. Ash, the said party of the second part, her heirs and assigns forever.*"

The great object of construction is, from the language used, in connection with the subject matter, to ascertain the intention of the parties to the instrument; and when their intention is ascertained, the law determines its effect.

And where the language is conflicting and susceptible of different constructions, that will be adopted which will support and give effect to the instrument; and, if it is necessary for that purpose, words of inferior import and questionable meaning will be disregarded.

It is essential to a deed of conveyance, that upon its face appear proper parties, a grantor and a grantee, words of grant, and a thing granted.   In this deed the parties are stated, a grantor and a grantee are named, words of grant are used, and the premises granted are described.

The main difficulty is in determining who is the *grantee*.   The

words in the description of the parties, "*heirs of her body*," cannot control the force of the words, in the granting part of the deed, "*unto the said party of the second part, her heirs and assigns.*"

The latter words determine to whom the land is conveyed, and import the transfer to such party of a *fee simple* estate. The peculiar language of the *habendum* cannot destroy the effect of those words, and make *another* the grantee. Those described as "*the party of the second part*," are not necessarily the grantees in the deed, and the words, denoting the grantee, "*the said party of the second part*," must be taken to refer to the *named* party, Amanda V. Ash; and the words "*her heirs and assigns*," to vest in her an estate of inheritance.

The words, "*through Horace F. Ash, her trustee and agent*," do not determine the *grantee* in the deed, nor can they control, in this respect, the construction of it; and no estate being conveyed to him, he cannot hold for the use of another.

The words, "*her heirs and assigns*," evidently referring to Amanda V. Ash, have acquired a fixed legal meaning, and denote the kind of estate which she takes by the grant; not a life estate, but the entire estate.

It is probable, the object in executing the deed, was to vest the title in Horace F. Ash, in trust, to the use of Amanda V. Ash during her life, and in remainder to the use of her children; but, if such was the purpose, it has failed for want of a conveyance having that legal effect.

The deed vesting in Amanda V. Ash an estate of inheritance, it follows that the land, after her death, is subject to the mortgage executed by herself and husband to the complainant.

*Decree affirmed.*