# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

SAMANTHA E. MORRIS *et al.*

*v.*

ISHAM E. CAUDLE *et al.*

*Opinion filed February 17, 1899.*

1. DEEDS—*unborn child cannot take present grant of land.* An unborn child may inherit property by descent or take by devise upon coming into being, but cannot take a present grant of lands by deed, although *in ventre sa mere* when the deed was executed.

2. SAME—*joint deed held by one grantor for safe keeping is not delivered.* A deed placed by one of the joint grantors in the hands of the other for safe keeping, and kept in the possession and control of the grantors, cannot be said to have been delivered to one of the grantees who came into being and died while the deed was still in the grantor's possession.

3. SAME—*effect where one grantee is in esse and others unborn.* A deed to a grantee *in esse* and his unborn brothers and sisters, which is delivered and recorded after the birth and death of a sister, is valid as to the grantee *in esse* at the execution of the deed, but creates no rights in the deceased sister or those claiming under her.

APPEAL from the Circuit Court of Wayne county; the Hon. E. E. NEWLIN, Judge, presiding.

EDWIN BEECHER, and CREIGHTON & THOMAS, for appellants.

CREIGHTON, KRAMER & KRAMER, and W. T. BONHAM, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill for partition, brought by the appellants in the circuit court of Wayne county, wherein they prayed for partition of the lands described in the bill, as heirs-at-law of Samuel Caudle, deceased. Amy E. Caudle put in an answer to the bill, in which she denied that Samuel Caudle was the owner and seized of the lands named in the bill at the time of his death, and alleged "that on November 26, 1884, said Samuel Caudle and this defendant, who was at that time his wife, by warranty deed of that date conveyed the lands above described to the defendants Isham E. Caudle and Bertha M. Caudle, * * * reserving unto themselves their life estates therein, which said deed was on said date duly acknowledged, and afterwards, on the 22d day of July, 1885, filed for record in the recorder's office of the said county of Wayne, * * * and that by reason of the said conveyance the entire estate, title and interest which the said Samuel Caudle had prior to the date of the said conveyance in the said lands, passed into this defendant and the said Isham E. Caudle and Bertha M. Caudle." The answer further denied that the complainants in said bill and the defendants therein, except this defendant and the said Isham E. Caudle and Bertha M. Caudle, were seized in fee, as tenants in common by descent from said Samuel Caudle, of the said premises or had any interest therein, and alleged that the same belonged solely to Isham E. Caudle and Bertha M. Caudle, subject to the life estate of Amy E. Caudle. The answer of Isham E. Caudle and Bertha M. Caudle set up the same defense as that of defendant Amy E. Caudle.

Upon the coming in of the answer the appellants filed an amended bill, in which they alleged that the deed claimed to have been made by the said Samuel Caudle on November 26, 1884, conveying said described lands to Isham E. Caudle and Bertha M. Caudle, was never delivered to the grantees therein; that said Bertha M. Caudle was not at that time in being, but was born on the third day of January, 1890; that the said deed purported to be made to "Isham E. Caudle and his one brothers and sisters;" that he, said Isham E. Caudle, at that time had no other brothers and sisters other than the defendants and complainants in this bill, as Bertha M. Caudle, one of the defendants, was not at that time born; that the only persons said term "one brothers and sisters" could have referred to were the other defendants and the complainants in this bill, except the said Bertha M. Caudle, who was not then born and was not born until January 3, 1890, afterward; that said deed was never delivered and was never intended to be delivered to said Isham E. Caudle, or any other of the defendants or complainants in this bill. It was also set up in the amended bill that at the time of the making of said deed the said defendant Amy E. Caudle was pregnant and a short time after the making of said deed gave birth to a female child, to-wit, on or about the seventh day of January, 1885; that the said child was born after the making of said deed, and was named Amy E. Caudle, but said child, Amy E. Caudle, died on or about March 11, 1885.

To the amended bill Isham E. Caudle and Bertha M. Caudle filed a plea, in which they set up that in May, 1896, Amy E. Caudle, as guardian, filed a petition with the Wayne county court for leave to sell said lands as the property of Isham E. Caudle and Bertha M. Caudle; that thereafter Samuel Caudle filed his intervening petition in said court, wherein he stated that he and his wife had deeded to Isham E. Caudle and his brothers and sisters the land mentioned in the petition of Amy E. Caudle,

together with other lands, by which statement he intended to admit, and did admit, that he signed, sealed, acknowledged and delivered the deed referred to in complainants' bill; that by the admissions above pleaded the said Samuel Caudle and his heirs, the complainants herein, were and are estopped from denying the execution and delivery of the deed.

From the foregoing statement of the pleadings it appears the appellants predicate their right of recovery on the ground that Samuel Caudle died seized of the lands in controversy and that they inherited from him; that the deed executed November 26, 1884, by Samuel Caudle and wife to "Isham E. Caudle and his one brothers and sisters" was never delivered, and hence the lands did not pass by the pretended conveyance. But appellants, from their argument filed in this court, seem to have changed their position, and they now claim that the deed of November 26, 1884, was delivered, and that the title to the land passed under that deed to Isham E. and Amy E. Caudle, an unborn child; that upon the death of Amy E. Caudle they became possessed of an undivided interest in the land as her heirs.

There is no substantial dispute between the parties in regard to the facts connected with the execution of the deed in question, nor in regard to what was said and done in regard to the delivery of the instrument. It appears from the record that Samuel Caudle, the grantor in the deed, was a man advanced in years, who had raised a large family of children, and having lost his wife he had married a young woman. As a result of the second marriage one child had been born before the deed was made, another was expected to be born within four or five weeks, and others might reasonably be expected at regular periods so long as the health and vigor of the grantor continued. Having raised and educated his children by his first wife, and being desirous of making some provision for his children of the second marriage, he called up-

on a justice of the peace with a view of making a will, in which he desired to devise the land in question to Isham E. Caudle, a son of the second marriage, and such other children as might thereafter be born. Upon consultation with the justice the latter told Caudle that a will might be broken. He then decided to make a deed, and directed the squire to prepare a deed conveying the land to "Isham E. Caudle and his own brothers and sisters." The justice prepared the deed as directed, but in writing the name of the grantees in the deed he used the word "one" instead of "own." After the deed was executed and acknowledged, the grantor, Caudle, took the instrument and carried it away. Upon arriving at his home he gave it to his wife, saying, "Mother, here's your deed; take care of it."

Under the facts as shown by the record the question presented is, whether the unborn child, Amy E. Caudle, took title to the land under the deed of November 26, 1884, executed by Samuel Caudle and his wife to Isham E. Caudle and his own brothers and sisters. A grantee must be *in esse* at the time the deed is executed, otherwise no title will pass by the deed. (9 Am. & Eng. Ency. of Law,—2d ed.—131.) In Tiedeman on Real Property (673) the author says: "The common law did not treat children *en ventre sa mere* as persons *in esse* for the purpose of holding or acquiring property. This capacity only attached upon their birth alive. Consequently, by the old common law children born after the death of the ancestor were precluded from participating with the others in the distribution of the intestate's estate. But this harsh rule has now been generally changed by statute." There is no doubt in regard to a posthumous child being entitled to inherit property by descent under our existing laws and to also take by devise, but an unborn child has no such existence as will enable it to take a present grant of lands by deed. Indeed, in *Faloon* v. *Simshauser*, 130 Ill. 649, we held that in case of a grant of an immediate estate in possession the grantee must be *in esse*, and a deed of

that kind may be avoided by showing the grantee came into being subsequently to the delivery of the deed. In speaking in regard to the necessity of the existence of a grantee in a deed of conveyance Tiedeman (sec. 797) says: "For the grant of an immediate estate in possession it is necessary that the grantee be *in esse,* and if it be shown that the grantee came into being after the conveyance it will avoid the deed."

There is another fatal objection to the deed,—it was never delivered to the unborn grantee or to any person for her. As has been seen, the deed was executed November 26, 1884. The child was born January 7, 1885, and died March 11, 1885. After the deed was executed, the grantor, Caudle, took it home with him and then handed it to his wife, and it was kept in the house where he and his wife resided, under his control, until the last of July, 1885, when the wife sent it to the county seat to be recorded. If, upon the execution of the deed, Caudle had delivered it to his wife to be by her held for the grantees therein named, we would not hesitate to hold that the instrument was delivered; but where one of the grantors merely places the deed in the hands of the other grantor for safe keeping, as was the case here, and the instrument is kept in the possession and under the control of the grantors, the deed cannot be held to be delivered. Some time after the death of the child the deed was placed on record, and thereafter, in May, 1896, the grantor admitted, as shown by the pleadings, that he had executed and delivered the deed. This rendered the deed valid as to the grantee Isham E. Caudle, but had no bearing as to the rights of the unborn child or any person claiming under her.

As the appellants failed to establish title to the premises in question the court properly dismissed the bill, and the decree will be affirmed.

*Decree affirmed.*