CHARLES ANDERSON

*v.*

FREDERICK MAGNI ANDERSON *et al.*

*Opinion filed June 19, 1901.*

1. WILLS—*intention must be gathered from language used, in the light of attending circumstances.* The intention of the testatrix must be gathered from the language used in the will, in the light of the attending circumstances, and not from any supposed intention existing in her mind, as explained by the testimony of one of the witnesses to the will.

2. SAME—*stipulation of facts in will construction case not binding upon minor heirs.* In a suit to construe a will, brought by the husband of the testatrix against her minor heirs-at-law, a stipulation of facts which are claimed to throw light upon the intention of the testatrix is not binding upon such minors.

3. SAME—*construction which renders will inoperative should be avoided, if possible.* If such a conclusion can be avoided, it is not to be presumed that a testator intended by the will to accomplish that which the law would do without any will.

4. SAME—*language of will construed.* A will drawn by a wholly inexperienced person, which gives to the husband of the testatrix all real and personal property, "to have and to hold unto 'my' or our son's, his heirs and assigns forever," must, where the proof shows there were three sons, be construed as giving the property to the husband with a limitation to the heirs of the bodies of the testatrix and her husband, which, under section 6 of the Conveyance act, passes a life estate to the husband with remainder in fee simple absolute to said heirs.

APPEAL from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

AMZI W. STRONG, and LOUIS C. EHLE, for appellant.

WILLIAM F. STRUCKMANN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Annie Anderson held the title to certain real estate in the city of Chicago. She died June 3, 1896, leaving a last will and testament, as follows:

"CHICAGO, ILLINOIS, *March 3, 1896.*

"I give, demise and bequeath unto my husband, Chas. Anderson, all real estate and personal property, with all the tenements and improvements thereto belonging; to have and to hold unto 'my' or our son's, his heirs and assigns forever.

"In witness whereof I have hereunto set my hand and seal this third of March, 1896.          ANNIE ANDERSON.     [Seal.]

EDWARD SJOGREN,
JOHN ANDERSON."

The will was admitted to probate. She left surviving her the appellant, Charles Anderson, her husband, who was appointed administrator with the will annexed. Frederick Magni Anderson, Marten Henry Anderson and Ernst Edwin Anderson, the minor sons of appellant and the testatrix, are her only heirs-at-law. The bill in this case was filed by the appellant in the superior court of Cook county against the appellees, said heirs-at-law and the holders of encumbrances on the property, to obtain a construction of the will. A guardian *ad litem* was appointed for the minor defendants and filed their answer. The court entered a decree finding said heirs-at-law to be the owners in fee simple of said real estate, subject to said encumbrances and to the dower of appellant as surviving husband.

The complainant, Charles Anderson, was a merchant tailor in Chicago, and he went to his cutter, Axel W. Swanson, Jr., and asked him to write the will, giving him a book called "Gaskell's Compendium of Forms." Complainant had selected a form and marked it, suggesting certain changes, and the cutter copied the will in part from that form, attempting to adapt it to the intended purpose. Complainant gave testimony, and there was also a stipulation of facts which are claimed to throw light upon the intention of the testatrix, but neither such testimony nor the stipulation can be considered. Complainant was not a competent witness under the statute, and the stipulation was not binding on the minors. (*Turner* v. *Jenkins,* 79 Ill. 228.) There was

testimony of one of the witnesses to the will that the testatrix supposed that the will devised the property to complainant, but her real intention must be gathered from the language used in the will in the light of the attending circumstances, and not from any supposed intention existing in her mind. The purpose of construction is to ascertain the intention of the testatrix from all the words and provisions of the will, giving effect, if possible, to every word. *Jenks* v. *Jackson,* 127 Ill. 341.

The construction contended for in behalf of the heirs-at-law and adopted by the superior court is, that the will gave all the property of the testatrix to complainant for the use of her heirs-at-law; that the statute executed the use, and consequently the devise was to the heirs-at-law. This construction renders the will void, as doing what the law would have done without any will. If there had been no will the property would pass precisely according to the decree of the superior court, and it is not to be presumed that the testatrix intended to do that which the law would do without any will, if that conclusion can be avoided. The latter part of the will is ambiguous, having been drawn by a Swede tailor wholly unskilled in such matters, but the first part is clear and definite. The testatrix first gave all her real and personal property to her husband, the complainant, Charles Anderson. Under section 13 of the Conveyance act the language employed will devise an estate in fee simple if a less estate is not limited by express words or does not appear to have been devised by construction or operation of law. There is a limitation in the *habendum* to certain heirs. In order to sustain claims of the respective parties as to this limitation, we are asked, on the one hand, to eliminate the words "my or our son's," and on the other hand to change the word "his" to "their," and in each instance because the words were put in by an unskillful draftsman. We are not authorized to eliminate or change either or any of the words intentionally used

by the testatrix. The limitation was to the heirs of the testatrix, as evidenced by the word "my," who should also be heirs of her husband, as shown by the word "his." They were to be her heirs and his heirs, and the testimony shows that there were three sons of the testatrix and complainant. In describing these heirs she also said, "or our son's." This was written as though there was but one son, and being in the possessive case, would refer to the heirs of a son. The proof being that there were three sons, it is evident that the apostrophe was misplaced, and that it should follow the word "sons." The case is like that of *Schaefer* v. *Schaefer*, 141 Ill. 337, where, through mistake or ignorance, the word "their" was spelled "there." Whatever may have been the precise intention in the use of that word, it seems clear that the limitation was to the heirs of the testatrix and her husband, and that the reference to the sons was in an explanatory way, as being the heirs. There was no attempt by the will to create a trust for the sons, but the intention was to describe the class of heirs.

The only meaning we can give the language of the will is that it gave the property to the complainant, Charles Anderson, with a limitation to the heirs of the bodies of said Charles Anderson and the testatrix. By section 6 of the Conveyance act an estate in fee tail becomes an estate for the natural life of the complainant, Charles Anderson, with remainder in fee simple absolute to said heirs. While the question is not free from difficulty, this is the only method by which we can give effect to all the language of the will and make it operative as a will.

The decree of the superior court is reversed and the cause is remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*