WILLIAM F. DUFFIELD *et al.* Appellees, *vs.* ELIZABETH L. DUFFIELD, Appellant.

*Opinion filed April 22, 1915.*

1. DEEDS—*rule to be applied in construing deeds.* The nature and quantity of the interest granted by a deed are always to be ascertained by the instrument itself and are to be determined as a matter of law, and the intention is that which is apparent and manifest in the instrument itself.

2. SAME—*in deeds the grantors are presumed to intend what their words import.* In deeds the grantors are presumed to intend what their words import, and the same license of construction permitted in the case of wills is not allowed.

3. SAME—*effect of section 6 of the Conveyances act.* By section 6 of the Conveyances act estates in fee tail were abolished, and the only use now made of the rule concerning such estates is for the purpose of determining whether a devisee, grantee or donee would have become seized in fee tail at common law.

4. SAME—*when deed does not purport to grant a future estate.* A deed naming "Henry T. Duffield and the heirs of his body, grantee," and by which the grantor "grants, bargains, sells and conveys unto said grantee" certain described lands, there being no *habendum* clause, does not purport to grant a future estate or a life estate to the said Duffield with remainder to the heirs of his body, but purports to grant an immediate estate in possession.

5. SAME—*requisites of a deed granting an immediate estate in possession.* The requisites of a deed purporting to grant an immediate estate in possession are, that there be persons able to contract and be contracted with for the purposes intended by the deed, that there be a grantor, a grantee and a thing granted.

6. SAME—*it is essential that grantee be in being at time of the conveyance.* It is essential to a deed purporting to convey an immediate estate in possession that there be a person, natural or artificial, capable of taking a title at the time of the conveyance, and it necessarily follows that linking the heirs of the body with the living person renders the deed void as to them. (*Ætna Life Ins. Co.* v. *Hoppin,* 249 Ill. 406, approved.)

7. SAME—*what portions of a deed are operative to define and limit the estate.* The portions of a deed operative to define and limit the estate are the granting clause and the *habendum*.

8. SAME—*when a deed does not create a future estate in the heirs of the body of the named grantee.* Where a deed purporting to convey an immediate estate in possession, and in which

there is no *habendum*, is made from the grantor to his son "and the heirs of his body, grantee," but there are no persons in being answering the description of heirs of the body of the son, even if the term "heirs of the body" could be regarded as meaning "children," no future estate is created but the title passes to the son.

APPEAL from the Circuit Court of Pike county; the Hon. ALBERT AKERS, Judge, presiding.

ANDERSON & MATTHEWS, for appellant.

WILLIAMS & WILLIAMS, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

James M. Duffield owned lands in Pike county and had three sons,—Henry T. Duffield, John J. Duffield and William F. Duffield. On March 28, 1894, he divided the lands among his sons and made deeds to them severally, which were identical except as to the name of the grantee and the description of the lands, conveying 80 acres to Henry. T. Duffield, 120 acres to John J. Duffield and the same number of acres to William F. Duffield. The deed to Henry T. Duffield was as follows:

"This indenture, made this 28th day of March, A. D. 1894, between James M. Duffield, (a widower,) of the county of Pike and State of Illinois, grantor, and Henry T. Duffield (a son of said grantor) and the heirs of his body, grantee:

"*Witnesseth:* That the said grantor, in consideration of natural love and affection and the conditions hereinafter stated, conditionally grants, bargains, sells and conveys unto the said grantee the following described real estate, to-wit: [Describing it.]

"First, that said grantee pay to said grantor on the first day of March, A. D. 1895, the sum of $120, and pay to such grantor a like sum of money at the expiration of each year thereafter during the natural life of said grantor, and also that said grantee pay all taxes assessed against said lands ten ·days before the sale of said lands for delinquent taxes in Pike county each year after the date of this conveyance, during the natural life of the grantor. The said grantee shall farm said lands in a good and husbandlike manner during the natural life of said grantor, and the said gran-

tee by accepting this deed accepts the conditions herein imposed and consents and agrees to perform the conditions herein contained, and that upon a failure so to do will quit and surrender up the possession of said lands to said grantor. The said grantor further covenants that if the grantee herein shall comply with the conditions herein named, then at the death of said grantor the said conditional grant, bargain and sale herein shall and will become an unconditional and absolute conveyance of said lands. If the said conditions providing for the annual payments and for taxes are not complied with, then and in such case six months after demand shall have been made by said grantor, (said demand to be in writing,) and because of such failure, the said grantor shall have the unconditional right to declare this conveyance null and void and may re-enter said real estate and premises and take possession thereof, including the release of homestead and exemption rights."

Henry T. Duffield took possession of the lands described in the deed to him and remained in possession until the death of his father, which occurred on March 3, 1896, and the deed, by its terms, then became absolute. He continued in possession of the lands until his death, on December 14, 1913. He never had any children born to him, and left a last will and testament giving all his property, real and personal, to his widow, Elizabeth L. Duffield, who was made the executrix of his will. The will was admitted to probate and Elizabeth L. Duffield qualified as executrix. On January 27, 1914, William F. Duffield and John J. Duffield filed their bill in this case in the circuit court of Pike county praying for partition of the lands described in said deed. Elizabeth L. Duffield was made a defendant in her own right and as executrix of the will. She did not answer in her capacity as executrix and the bill was taken as confessed by her as executrix, but she answered in her own right, claiming to be the owner in fee of the lands. The issue was referred to the master in chancery to take and report the evidence, which he did. The chancellor, upon a consideration of the evidence so taken, entered a decree finding the facts as above stated, and finding, as matters of law, that by virtue of the deed Henry T. Duffield became vested with a life estate until

the death of his father, James M. Duffield; that upon the
death of his father he and the complainants, William F.
Duffield and John J. Duffield, became seized, as heirs-at-
law of their father, of an undivided one-third part, subject
to the life estate of Henry T. Duffield; that on the termi-
nation of the life estate of Henry T. Duffield by his death,
his one-third interest passed to the defendant, Elizabeth L.
Duffield, by virtue of his last will and testament; and that
the complainants and defendant thereby became seized in
fee, as tenants in common, each of an undivided one-third
part of the lands.   Partition was decreed accordingly.

The theory of counsel for the complainants, adopted
by the chancellor, was, that the deed gave a life estate to
Henry T. Duffield with a contingent remainder to the heirs
of his body, and a reversion in fee remaining in the gran-
tor until his death and then descending to his heirs, and
there being no heirs of the body of Henry T. Duffield and
the contingency being thereby forever removed, the com-
plainants and defendant became vested with a fee simple
title to the lands.

The decree can only be affirmed if the deed was opera-
tive, as a matter of law, to convey a life estate to Henry
T. Duffield with a remainder to the heirs of his body.   If
it had that effect the remainder was contingent, because
he had no child, and the whole estate not being granted, a
reversion remained in the grantor expectant upon the fail-
ure of issue, and as there were no heirs of his body to take
the remainder it descended to his heirs-at-law.   The rule to
be applied was stated in *Lehndorf* v. *Cope,* 122 Ill. 317, that
the nature and quantity of the interest granted by a deed
are always to be ascertained by the instrument itself and
are to be determined as a matter of law, and the intention
is that which is apparent and manifest in the instrument
itself.   That rule had been previously adopted in *Baulos* v.
*Ash,* 19 Ill. 187, where the court found it probable that the
object of the deed was to vest title in Horace F. Ash in

trust, to the use of Amanda V. Ash during her life with remainder to the use of her children, but if that was the purpose it failed for want of a conveyance having that legal effect. The facts in that case showed conclusively that the intention was what the court thought probable, but the deed was construed according to the legal effect of the words employed in it. In the case of a will that intention might have been enforced, because greater latitude is given in the construction of wills than in deeds, and the court, looking to the whole will, may find and effectuate the intent. (*Butler* v. *Huestis,* 68 Ill. 594.) The rule applied to wills, although for some time subject to much protest, has become firmly established in the law. (*Wallace* v. *Noland,* 246 Ill. 535; *Barnett* v. *Barnett,* 117 Md. 265; Ann. Cas. 1913*e,* 1284.) In deeds, however, grantors are presumed to intend what their words import and the same license of construction permitted in the case of wills is not allowed.

The power to limit a future estate by deed has been recognized, (*Abbott* v. *Abbott,* 189 Ill. 488; *Stoller* v. *Doyle,* 257 id. 369;) but in this deed there are no words of futurity, and it purports to grant a present estate in possession to a certain grantee upon conditions subsequent which are of no importance now, and the grantee to whom such present estate is granted is named as Henry T. Duffield and the heirs of his body. The deed does not purport to convey a life estate to Henry T. Duffield with remainder to the heirs of his body, which by the rule in *Shelley's case* would have given him an estate tail but which the sixth section of our Conveyance act would turn back into a life estate with remainder in fee to the heirs of his body. That section provides that where by the common law any person or persons might become seized in fee tail, such person or persons, instead of being or becoming seized in fee tail, shall be deemed and adjudged to be and become seized for his or her natural life, only, and the remainder shall pass

268 — 3

in fee simple absolute to the person or persons to whom the estate tail would on the death of the first grantee, devisee or donee in tail first pass by virtue of the devise, gift, grant or conveyance. By that section estates in fee tail were abolished, and the only use now made of the rule concerning such estates is for the purpose of determining whether a devisee, grantee or donee would have become seized in fee tail at the common law. As the deed did not, in terms, purport to grant a future estate, the question of construction involved is whether it granted to Henry T. Duffield an estate limited to a particular class of heirs, which would have been a fee tail at the common law and which our statute on entails converted into an estate for life with remainder to his bodily heirs, contingent upon birth of issue.

In construing a deed the portions operative to define and limit the estate granted are the granting clause and the *habendum*. (*Morton* v. *Babb*, 251 Ill. 488.) In this deed there was no *habendum* limiting or defining the estate granted, and neither were there any words in the granting clause importing a conveyance to Henry T. Duffield limited to the heirs of his body. It named him and the heirs of his body as the grantee of the estate conveyed and purported to convey to said grantee an immediate estate in possession. The requisites of such a deed are that there be persons able to contract with for the purpose intended by the deed, so that in every grant there must be a grantee, a grantor and a thing granted. (2 Blackstone's Com. 96.) The parties must be competent to contract and be truly and sufficiently described, and otherwise the deed is void. (4 Kent's Com. 462.) It is essential that the grantee be a person, natural or artificial, capable of taking a title at the time of the conveyance, and this rule is elementary. (*Lillard* v. *Ruckers*, 9 Yerg. 64; *Weihl* v. *Robertson*, 97 Tenn. 458; *Douthitt* v. *Stinson*, 63 Mo. 268; *Harriman* v. *Southam*, 16 Ind. 190; *Russell* v. *Topping*, 5 McLean,

194; *David* v. *Williamsburg City Fire Ins. Co.* 83 N. Y.
265; *United States* v. *Southern Colorado Coal Co.* 18 Fed.
Rep. 273; *Thomas* v. *Marshfield,* 10 Pick. 364; *Hunter* v.
*Watson,* 12 Cal. 363; *Jackson* v. *Corey,* 8 Johns. 385;
10 Ann. Cas. 97, note; 9 Am. & Eng. Ency. of Law,—
2d ed.—131.) A living person has no heirs, and therefore
a deed made to heirs of a living person without specifying
the names of the heirs, so called, describes no one as gran-
tee and the deed is void. Devlin on Deeds, sec. 184.

This court has been called upon, from time to time, to
construe deeds made to heirs or persons having no exist-
ence and has uniformly adopted and followed the rule
above stated. In *Baulos* v. *Ash, supra,* the deed described
the party of the second part as "Amanda V. Ash and the
heirs of her body, through Horace F. Ash, her trustee and
agent." The granting clause, which was operative to con-
vey the estate, was "to said party of the second part, her
heirs and assigns," and the *habendum* was "to the only
proper use and benefit of Amanda V. Ash and the heirs of
her body, through Horace F. Ash, her trustee, and who
holds said land in trust only for the said Amanda V. Ash,
the said party of the second part, her heirs and assigns for-
ever." The court decided two questions, and held, first,
that the words "heirs of her body," in the description of
the parties, could not control the granting part; and sec-
ond, that the *habendum* could not destroy the effect of
the grant and make another the grantee, which, as before
stated, was contrary to an apparent intention not expressed
in the words of the deed.

In *Cooper* v. *Cooper,* 76 Ill. 57, the deed construed
named William Cooper, Sarah Ann Cooper and the heirs
of her natural body of the second part, and the granting
clause was unto the said party of the second part, their
heirs and assigns, with a similar *habendum.* That deed
was exactly like this one in the description of the grantees
and a grant to them in the granting clause. The court

said the living have no heirs, and there was an attempt to convey an interest to persons not then in being and who might never be. There was full consideration of the question, and it was held that the words "heirs of her natural body" were inoperative.

In *Faloon* v. *Simshauser,* 130 Ill. 649, there was a deed to Hannah Simshauser and her children. The court decided that she and her children living at the time the deed was executed took title as tenants in common, but Clarence Simshauser, who was born three years afterward, took nothing by the deed, because, in case of a grant of an immediate estate in possession, the grantee must be in being,—citing *Hulick* v. *Scovil,* 4 Gilm. 159, *Miller* v. *Chittenden,* 2 Iowa, 268, and Tiedeman on Real Prop. sec. 797.

In *Seymour* v. *Bowles,* 172 Ill. 521, there was a statutory warranty deed to Susan Bowles and her minor heirs, and in case of the death of either of the heirs without issue the property was to revert back to the surviving heirs. The court said that if the word "heirs" should be given its technical meaning no extended argument was necessary to show that it must be rejected as without force or meaning, and Susan Bowles being alive could have no minor heirs, but the court concluded that by "minor heirs" was meant minor children, and inasmuch as the deed fixed a future period for the vesting of title in the children, she had a life estate with remainder to her minor children who should survive her, or if any of them should then be dead leaving issue, to such issue.

In *Morris* v. *Caudle,* 178 Ill. 9, a deed conveyed lands to Isham E. Caudle and his own brothers and sisters, and it was held that his sister Amy E. Caudle took no title by it because not in existence at the time it was executed,—citing *Faloon* v. *Simshauser, supra,* and quoting from Tiedeman on Real Property.

In *Miller* v. *McAlister,* 197 Ill. 72, it was held that a deed to Mary Elizabeth McAlister and her children, born

and to be born, passed title to her and such children as were in existence at the time the deed was executed, as tenants in common, but children born after the execution of the deed took nothing. If there had been children of Henry T. Duffield when the deed was made and the words "heirs of his body" could be regarded as meaning children, he and the children would have taken title as grantees as tenants in common. But there were no children.

In *Sayer* v. *Humphrey*, 216 Ill. 426, it was held that an assignment of a person's interest in his father's estate to the heirs and executors of said estate, made during the lifetime of the father, was null and void because there were no persons in being answering the description of heirs and executors to receive the estate, and, as we have already seen, if one grantee is in being and capable of receiving the estate he will take the whole title and a description of persons not in being will be rejected. The same rule was applied in the case of *Johnson* v. *Northern Trust Co.* 265 Ill. 263, to the assignment by Herman H. Kohlsaat of a leasehold estate to the Merrimac Building Company because there was no grantee capable of taking the estate and the title remained in Kohlsaat in spite of his attempted conveyance.

In *Ætna Life Ins. Co.* v. *Hoppin*, 249 Ill. 406, it was said to be a general rule that a conveyance of a present estate to the heirs of the body of a living person is void for uncertainty, because those who will take as heirs can not be known until the person's death. It necessarily follows that linking the heirs of the body with the living person renders the deed void as to them.

In the recent case of *Dick* v. *Ricker*, 222 Ill. 413, the grant was to the grantor's daughter and the children of her body begotten, for and during her natural life, and after her death to the use of the children in fee tail forever. When the deed was made the grantee had one child five months old, and subsequently a son was born, who died

in his mother's lifetime, an infant and without children. The daughter living when the deed was made survived her mother, and the court affirmed a decree finding that the daughter had a fee simple title. The court stated and indorsed the rule of *Morris* v. *Caudle, supra,* and *Miller* v. *McAlister, supra,* and held that if the *habendum* did not limit or define the estate granted, Eliza J. Williams and her daughter would take an estate in fee because the daughter was the only child in being at the time the deed was delivered, and a grantee must be in existence in order that a present title in possession may pass. It was held that the words "children of her body" were used in the sense of heirs of the body, being the same persons, and that the grantee took an estate for life and the daughter the remainder in fee simple.

These decisions have settled the law in this State beyond controversy, that if a deed purports to grant a present estate in possession to a certain grantee or grantees, and the grantee or any of the grantees are not in being when the deed is executed, no title passes to him or them, and that heirs or heirs of the body of a living person come under that rule. In this case there was an attempted conveyance of a present estate in possession to Henry T. Duffield and the heirs of his body, and the granting clause did not purport to convey to him an estate limited to the heirs of his body. The stability of titles requires that the rule should not be changed by the court.

There have been cases where deeds and wills have been construed and it has been held that they would have created estates in fee tail upon which our statute on entails operated, but none of them come within the class of cases before referred to. In *Frazer* v. *Supervisors of Peoria County,* 74 Ill. 282, there was a deed to Harriet W. Moss, with *habendum* "to have and to hold the said premises, with the appurtenances, unto the said party of the second part, her heirs of her body forever." It was held that by

virtue of the rule in *Shelley's case* the deed would have given the grantee a fee tail, and by the sixth section of the Conveyance act her estate was turned into a life estate with remainder in fee simple to the heirs of her body. In *Lehndorf* v. *Cope, supra,* a deed in statutory form conveyed and warranted lands to Maria Anna Lehndorf and her heirs by her present husband, Henry Lehndorf. There was no *habendum,* and it was held that the grant was the same as an estate to A for life with remainder to the heirs of his body, which would create an estate tail upon which the statute on entails would operate. In *Kyner* v. *Boll,* 182 Ill. 171, the deed granted the premises to Jennie Kyner, her bodily heirs and assigns. Both the grant and the *habendum* were to the grantee and her bodily heirs, which would have created an estate in fee tail at the common law and by the statute became a life estate with remainder to the bodily heirs. In *Atherton* v. *Roche,* 192 Ill. 252, the party of the second part was described as Margaret E. and Byron J. Atherton. The granting clause was to them and their bodily heirs forever, and the *habendum* was to the party of the second part and their bodily heirs forever, so that section 6 of the Conveyance act created a life estate in the grantees with remainder in fee to the bodily heirs.

In *Blair* v. *Vanblarcum,* 71 Ill. 290, there was a devise to Mary Gamble and to the heirs of her body, with a limitation over, in default of issue, to the testator's brothers and sisters and their heirs and assigns. It was held that under section 6 of the Conveyance act the devisee took a life estate with remainder in fee to the heirs of her body. In *Summers* v. *Smith,* 127 Ill. 645, the devise was to Martha Ann Smith during her natural life with remainder to the son of the testator, and in case the son should die without heirs of his body the real estate was to go to his surviving brother or brothers. In *Lewis* v. *Pleasants,* 143 Ill. 271, the testator devised lands to his widow and the heirs of her body, which would at common law have cre-

ated an estate tail general, and it was held that under our statute on entails the devisee took a life estate with remainder in fee to the heirs of her body, leaving the reversion in case of the failure of issue in the heirs-at-law of the devisor. In *Anderson* v. *Anderson,* 191 Ill. 100, there was a devise which was construed to pass a life estate to the husband of the testatrix with remainder in fee to the heirs of the bodies of the devisee and the testatrix. In *Peterson* v. *Jackson,* 196 Ill. 40, there was a devise to the testator's four children, to them only and the heirs of their bodies, share and share alike. By that devise the devisees at common law would have been seized in fee tail and the statute applied. In *Turner* v. *Hause,* 199 Ill. 464, the devise was to the testator's son, to descend to his bodily heirs, and in case of none, to his brothers and sisters, on the same principles as a devise to his brother. It was held that the statute on entails applied.

It will be seen that none of the cases conflict with the established rule concerning the construction of deeds, and there is nothing in any of them which upholds the position that the deed in this case granted an estate to Henry T. Duffield, limited to the heirs of his body, upon which the sixth section of the Conveyance act would operate. The grant was of a present estate in possession to him and to supposed persons having no existence, and the deed vested the title in him.

The chancellor erred in the construction of the deed, and the decree is reversed and the cause is remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*