(No. 12084.—Decree affirmed.)
CHARLES AMES, Appellee, *vs.* J. W. SMITH, Appellant.

*Opinion filed June 20, 1918.*

DEEDS—*when limitation over depends upon death of grantees during life of grantor.* Where a deed reserves a life estate in the grantor and provides that "at his death the title in fee simple shall become vested in" his three named sons, but that in case of the death of either of the grantees his interest shall vest in his wife or child, if he leaves any, otherwise to vest in the surviving grantee or grantees, the limitation over depends upon death of a grantee during the lifetime of the grantor, and if all the grantees survive the grantor the title in fee simple vests in them at his death.

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

·HALL, MARTIN & HOOSE, for appellant.

·WILLIAM R. BACH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed by appellee, Charles Ames, in the circuit court of McLean county, praying for the specific performance of a contract for the sale of 31.17 acres of land situated in that county. The court overruled a demurrer filed by appellant and entered a decree for specific performance. The case has been appealed to this court.

Appellee, Ames, on August 30, 1917, entered into a written agreement with appellant, Smith, whereby Ames agreed to convey by good and sufficient warranty deed to Smith, with an abstract showing good merchantable title, the land in question. Appellant objected to the title on the ground that a certain deed from Fisher Ames to his three sons, together with subsequent transactions attempting to pass interests in said property, did not vest the fee simple title in appellee.

The deed in question was made by Fisher Ames, and, beside the usual opening and closing, recites that the grantor, for and in consideration of natural affection and one dollar in hand paid, "conveys and warrants to Wilburn Ames, Frank Ames and Charles Ames upon the following conditions: That during the lifetime of the said grantor he is to retain the occupation, possession and control and receive and retain the rents and profits of the lands and premises hereinafter described, and at his death the title in fee simple shall become vested in said Wilburn Ames, Frank Ames and Charles Ames; and in case of the death of either of said grantees without a child or wife him surviving, the interest and portion of the said deceased grantee shall thereupon vest in the surviving grantees or grantee, and in case of the death of either of said grantees leaving him surviving a wife or a child, or a wife and a child or children, then the said wife or child or children, or the survivor of them, shall thereupon become vested with the interest of said deceased grantee or grantees." Some time after the making of this deed Fisher Ames made his will, and among other provisions we find the following: "I will and devise to my sons, Wilburn Ames, Frank Ames and Charles Ames, the following described property which I have already deeded to them, [describing the property here in question,] in fee simple absolute, as tenants in common, share and share alike." Wilburn, Frank and Charles all outlived their father, and afterwards, by means of various deeds,

all the interest said three sons acquired through said deed from their father became vested in appellee, Charles Ames. Fisher Ames left as his only heirs-at-law, beside the three sons mentioned in the deed, one other son, two daughters and three grandchildren, the grandchildren being the children of a son who pre-deceased Fisher Ames.

One of the principal contentions in the brief is as to the meaning of the clause in the deed from Fisher Ames to his sons "in case of the death," etc., the argument being as to whether those words referred to the death of any of the sons before the death of the grantor, or meant the death of any of the sons at any time, either before or after the death of the grantor. In our opinion the context of this deed shows that it was the intention of the grantor that the words "in case of the death," etc., had reference to a death during the lifetime of the grantor, Fisher Ames. "If a particular estate precedes a gift over, the latter will usually take effect if the contingency happens at any time during the period of the particular estate. In such a case death without issue means death before the death of the life tenant, unless the will shows that the testator intended to refer to a later date than the termination of the life estate." (*Lachenmyer* v. *Gehlbach,* 266 Ill. 11.) In this deed the father retained a particular estate,—the life tenancy of the premises,—and then stated that "at his death the title in fee simple shall become vested in" said three sons. Having in mind that all three of the sons might not be alive at his death, he provided as to who should take the respective shares of those, if any, who pre-deceased him. It seems obvious from a consideration of the whole instrument that the grantor intended that if his three sons were alive when he died and when the life tenancy ceased, then the title to the real estate at that time would vest in these three sons. We think the estate vested in these three sons in fee simple at the father's death.

284 — 5

The conclusion that we have already reached as to the construction to be given to this instrument renders unnecessary a discussion of the other questions raised by counsel for appellee in his brief, as to whether the limiting clause as to the children of the sons is void for ambiguity, as to whether the fee simple title must be held to vest in the survivor of the three grantees, (there being no provision for reverter in the event of the death of such survivor without leaving a wife or children surviving him,) and also the question as to whether the limitation over could only have effect as an executory devise and therefore could only be created by will and not by deed. Neither is it necessary to consider the other questions raised by counsel for appellant as to the legal power to limit a future estate by a deed, under *Duffield* v. *Duffield,* 268 Ill. 29, *Stoller* v. *Doyle,* 257 id. 369, and other like decisions, nor the question of the possibility of reverter as to the heirs of the grantor other than these three sons. The three sons being alive at the father's death and the fee simple title vesting in them at that time, it is also unnecessary for us to discuss the precise nature of the estate held by said three sons during the lifetime of the father, whether the remainder was vested or contingent, subject to shifting executory devises or otherwise, or whether the title conveyed by said deed to the three sons was a base fee or otherwise before the death of the father.

The deed to the three sons being thus construed and there being no other objection to the title, the title of appellee to the land in question as shown in said abstract was a good merchantable one as specified in the contract, and the court properly entered a decree requiring a specific performance of such contract.

The decree of the circuit court will accordingly be affirmed.

*Decree affirmed.*