(No. 13312.—Decree affirmed.)

JOHN J. DUFFIELD, Appellee, *vs.* JAMES H. DUFFIELD *et al.* Appellants.

*Opinion filed June 16, 1920.*

1. DEEDS—*in construing a deed the court is limited to the language employed by the grantor.* The same license permitted in the construction of wills is not permitted in construing a deed, and in arriving at the grantor's intention the language used by the grantor will be construed according to its legal effect, even though his intention may be thereby frustrated.

2. SAME—*when words "heirs of his body" do not define estate granted.* A deed from a father to a named son "and the heirs of his body, grantee," but which does not contain the words "and the heirs of his body" in either the granting clause or *habendum* clause, conveys the whole title to the named son as being the only grantee in existence, as the words "heirs of his body" in such deed are descriptive of the parties, only, and do not define the estate granted. (*Duffield* v. *Duffield,* 268 Ill. 29, and *Doney* v. *Clipson,* 285 id. 75, followed.)

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

WILLIAM & BARRY MUMFORD, and LEE CAPPS, for appellants.

W. E. WILLIAMS, and A. CLAY WILLIAMS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, John J. Duffield, filed a bill in the circuit court of Pike county to quiet title to a tract of farm land in that county. Certain of appellants filed a demurrer to that bill. On hearing in the circuit court the demurrer was overruled, and, appellants abiding by the demurrer, a decree was entered quieting the title in appellee as prayed in said bill, and from that decree this appeal was taken.

In 1894, and for some time previous, James M. Duffield was the owner of a considerable tract of farm land in Pike county. In March, 1894, while still the owner of this land,

and being a widower, he conveyed to each of his three sons,
Henry T. Duffield, William F. Duffield and John J. Duf-
field, a different portion of this land by three deeds iden-
tical in wording except as to the grantee and the land
described. The deed to his son Henry T. Duffield was con-
strued by this court in *Duffield* v. *Duffield,* 268 Ill. 29, and
is there set out in full. The deed in this case is identical
in wording with that deed as set out except as to the name
of the grantee and the description of the land. The grantee
in *Duffield* v. *Duffield, supra,* was "Henry T. Duffield (son
of said grantor) and the heirs of his body, grantee.". The
grantee in the deed here in question was, "John J. Duffield
(son of said grantor) and the heirs of his body, grantee."
It appears from the record that at the time the three deeds
were made each of the three sons had been married for a
number of years; that Henry had no children and that Wil-
liam and John each had two children; that the three sons
accepted the deeds immediately after they were executed by
the father and took possession of their respective tracts of
land and remained in possession thereof until the death of
the father, in March, 1896; that Henry died in 1913 with-
out having conveyed his tract, leaving him surviving no child
or children or descendants thereof but leaving his widow and
his two brothers, William and John, as his only heirs-at-law.

Counsel for appellee argue that the decision in *Duffield*
v. *Duffield, supra,* construing the deed to the brother Henry
must control as to the construction of this deed, while coun-
sel for appellants, while they concede that as the two deeds
are so similar in wording the construction of their legal
effect must follow the same general principles, argue most
earnestly and at length that the conclusion reached in that
case was not correct and seek here to have the court modify
that decision in construing this deed. They argue, first, that
the deed conveyed an estate in fee tail general under the
common law as modified by the statute *de donis.* They also
argue that this deed was adequate to pass an estate in com-

mon to appellee and to his two children living at the time of the grant. They insist that in construing the deed to the brother Henry this court limited the operation of the granting clause and confined its scope to an estate already defined by the premise in the deed, and that by so doing it gave more weight to the premise (a less material part of the deed) than to the granting clause, which is the essential part of the deed. We have examined the authorities cited by counsel for appellants on these points, in connection with the opinion in *Duffield* v. *Duffield, supra,* and find that the principal ones, if not all, that are here cited on these points were there reviewed and considered by the court. We find no reason to depart from the conclusion there reached as to the proper construction to be given to those cases and hence do not refer to them again in detail.

In the *Duffield case* the parties to the deed were described in the premises as "James M. Duffield, (widower,) of the county of Pike and State of Illinois, grantor, and Henry T. Duffield (a son of said grantor) and the heirs of his body, grantee." The purpose of those words was only to describe the parties to the instrument and not to indicate or limit the estate granted. It is the office of the granting clause and *habendum* clause, if the deed contains an *habendum* clause, to define the estate granted. The words "grantor," "grantee" and "heirs of his body" found in the premises are of no more effect in limiting the estate than the words "widower" or "a son of said grantor," also found there. The deed purports to be an indenture of a present agreement between James M. Duffield of the one part and Henry T. Duffield and the heirs of his body of the other part. Since Henry T. Duffield was living he had no heirs. The words "heirs of his body" described no person in being and they were inoperative. The granting clause purported to convey without any limitation an estate in present possession to the grantees named in the premises, and since there were no heirs of the body in existence to take such present es-

tate, the whole title conveyed vested in the only grantee in existence,—Henry T. Duffield. Had the words in the granting clause been to "Henry T. Duffield and the heirs of his body," the words "heirs of his body" would have limited the estate and Henry T. Duffield would have taken at common law the estate tail, which the statute on conveyances would turn into an estate for life in Henry T. Duffield with remainder in fee to the heirs of his body; but those words in the description of the parties could have no effect in defining the estate granted. Since there were no words of limitation, the deed, by virtue of section 13 of the Conveyance act, conveyed the fee simple to Henry T. Duffield. This is the same construction as was given to that case in *Doney* v. *Clipson*, 285 Ill. 75.

Counsel for appellants also argue that as appellee here had living children at the time these deeds were executed and Henry T. Duffield had no children at the time the deed was executed to him, certain statements were made in the opinion in *Duffield* v. *Duffield, supra*, which clearly distinguish the two deeds, and that therefore a different conclusion should be reached here as to the interest which the son John took under this deed from the conclusion as to what his brother Henry took under the deed heretofore construed. The nature and quantity of the interest granted by a deed are to be ascertained from the instrument itself and are to be determined as a matter of law, and the intention to be considered is that which is apparent and manifest from the instrument itself. In arriving at that intention it is not permissible to go beyond the four corners of the deed, and any words used by the grantor which have come to have a definite legal significance will be construed by the court strictly according to their legal effect, even though the grantor's intention is thereby frustrated. The same license permitted in the construction of wills is not permitted in construing deeds. (*Lehndorf* v. *Cope*, 122 Ill. 317; *Mittel* v. *Karl*, 133 id. 65; *Coogan* v. *Jones*, 278 id. 279.) This

same doctrine was laid down by this court in *Duffield* v. *Duffield, supra,* and considering the entire opinion in that case, we do not think there is any fair basis for holding, as argued by counsel for appellants, that a different construction should be given to this deed because the grantee had children living at the time it was executed, from that given to the deed executed at the same time to his brother Henry, the latter having no children at that date.

A review of the authorities cited in the briefs leads us to a similar conclusion to that reached in *Duffield* v. *Duffield, supra,* and we hold that this deed conveyed a present estate in possession to the appellee, John J. Duffield, and that the chancellor was right in so holding.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*