(No. 13277.—Reversed and remanded.)

EMILY JONES *et al.* Defendants in Error, *vs.* MARY E. MAKEMSON, Plaintiff in Error.

*Opinion filed June 16, 1920.*

1. DEEDS—*when deed conveys a fee tail to which section 6 of Conveyances act applies.* A granting clause conveying "to A and the heirs of his body" defines the estate granted as a fee tail at common law, which section 6 of the Conveyances act makes a life estate to A with a remainder contingent until the birth of issue if he has none but vested if he has a child and subject to be opened later to let in after-born children. (*Duffield* v. *Duffield,* 268 Ill. 29, distinguished.)

2. PARTITION—*when widow of a grantee in fee tail has interest subject to partition.* The widow of a grantee who by conveyance from his father takes a life estate under section 6 of the Conveyances act which would have been a fee tail at the common law is entitled to one-half of the interest in the reversion in fee which her husband, who died without ever having had any children, took as heir-at-law upon the death of the grantor, and she is entitled to dower in the other half of that interest.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

GRAHAM & DYSERT, (THOMAS A. GRAHAM, of counsel,) for plaintiff in error.

O. M. JONES, and SWALLOW & BOOKWALTER, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

David Makemson owned in fee simple the southeast quarter of the southwest quarter of section 23, township 20, north, range 11, west of the second principal meridian, in Vermilion county. On the 21st day of September, 1883, he and Martha J., his wife, executed and delivered a quit-claim deed to said real estate to their son, Hugh N. Makemson, in the following language: "The grantors, David Makemson and Martha J. Makemson, his wife, in the county of Vermilion and State of Illinois, for and in consideration of $1600, convey and quit-claim to Hugh N. Makemson and the heirs of his body, of the county of Vermilion, State of Illinois, all interest in the following described real estate, to-wit: The southeast quarter of the southwest quarter of section twenty-three (23), township twenty (20), north, range eleven (11), west, situated in the county of Vermilion, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State." David Makemson died, and thereafter, in February, 1919, the son, Hugh, also died. Said son left him surviving a widow, Mary E. Makemson, plaintiff in error here, but left no children, he never having had children. The defendants in error filed a bill for partition of the above described real estate, claiming that the reversion to said real estate was in the grantor, David Makemson, at his death, and that the title to said land now vested in the lawful heirs of David Makemson, and that the plaintiff in error, widow of Hugh N. Makemson, has no interest in the real estate. The chancellor entered a decree for partition and the appointment of commissioners, finding that the complainants were entitled to the relief prayed and that the plaintiff in error has no right, title or

interest in and to said real estate, but that the title in fee vested in the heirs of David Makemson, as set out in the bill.

It is contended by plaintiff in error that the deed conveyed a fee simple title to the land in question to Hugh N. Makemson; that he having died intestate, she became vested with the fee to one-half of the land and dower in the other half; that she is entitled likewise to homestead, as she and her deceased husband occupied the land as a homestead up to the time of his death. It is contended by defendants in error, and was so decreed by the circuit court, that the deed conveyed to Hugh N. Makemson a fee tail at common law, which under section 6 of the Conveyance act became a life estate with remainder to the heirs of his body; that such remainder was contingent upon the birth of children, and that as he never had issue the life estate terminated upon his death and the reversion in fee vested in the then heirs of David Makemson, deceased, and that the plaintiff in error took no interest in said land. The principal question, therefore, is whether or not the deed in question was a conveyance of a present estate in this land to Hugh N. Makemson and to the heirs of his body as grantees, which, by reason of there never having been children born to him, became upon his death a fee in his heirs-at-law, or whether, on the other hand, the deed conveyed to him a life estate with remainder to the heirs of his body, which was contingent upon the birth of children, with the reversion in fee vested in the grantor.

Plaintiff in error cites *Duffield* v. *Duffield,* 268 Ill. 29, as authority for her contention. In that case James M. Duffield executed and delivered to Henry T. Duffield a deed containing a granting clause as follows: "This indenture, made this 28th day of March, A. D. 1894, between James M. Duffield, a widower, of the county of Pike and State of Illinois, grantor, and Henry T. Duffield (a son of said grantor) and the heirs of his body, grantee; witnesseth, that the said grantor, in consideration of natural love and

affection and the conditions hereinafter stated, conditionally grants, bargains, sells and conveys unto the said grantee the following described real estate,"—describing it. The deed in that case, as in the case at bar, contained no *habendum* limiting or defining the estate granted. It was there held that the language of the granting clause of the deed contained no words which purported to convey an estate limited to the heirs of the body of Henry T. Duffield but that the language of the deed named him and the heirs of his body as grantees of the estate conveyed, and such language was construed as purporting to convey to Duffield and the heirs of his body an estate in immediate possession. It was held in that case that as a living person has no heirs, the deed made to the heirs of the body of Duffield described no one of such class as grantee, and that the deed as to them was therefore void and amounted to a conveyance of the fee to Duffield. The rules upon which this holding was based and the authorities supporting them are set out in full in the opinion in that case and need not be reviewed here.

This case is to be distinguished from the case of *Duffield* v. *Duffield, supra.* In this case there is no language in the deed purporting to grant a present estate in possession to the heirs of the body of Hugh N. Makemson but the conveyance was to him, and the words "and the heirs of his body," contained in the deed, are to be construed as a limitation defining the character of the grant to Hugh. The deed was a simple form of quit-claim deed and contained no *habendum* clause. The granting clause defined the nature and character of the estate and at common law constituted the simplest form of a fee tail. (*Lehndorf* v. *Cope,* 122 Ill. 317.) The earlier form of a conveyance in fee tail at common law was a grant "to A and the heirs of his body," and the *habendum* clause, which was a part of the former common law conveyance, was "to have and to hold to A and the heirs of his body." If there be

no *habendum* clause a granting clause in a deed "to A and the heirs of his body" defines the estate granted as a fee tail at common law, which section 6 of our Conveyance act has turned into a life estate to A with remainder contingent until the birth of issue if he has none but vested if he has a child, subject to be opened later to let in after-born children. *Blair* v. *Vanblarcum,* 71 Ill. 290; *Frazer* v. *Supervisors of Peoria County,* 74 id. 282; *Lehndorf* v. *Cope, supra; Lewis* v. *Pleasants,* 143 Ill. 271; *Welliver* v. *Jones,* 166 id. 80; *Atherton* v. *Roche,* 192 id. 252; *Kyner* v. *Boll,* 182 id. 171; *Coogan* v. *Jones,* 278 id. 279; *Doney* v. *Clipson,* 285 id. 75.

The deed in *Duffield* v. *Duffield, supra,* in terms included within the designation of grantee the heirs of the body of Henry T. Duffield, and by that language purported to convey a present estate to the heirs of the body of Duffield. In the instant case the language does not purport to convey a present estate in possession to the heirs of the body of Hugh N. Makemson but conveyed to the grantee a fee tail, which by section 6 of the Conveyance act was turned back into a life estate with remainder to the heirs of his body. There being no children born at the time of the execution and delivery of the deed such remainder was contingent on the birth of issue, and the reversion in fee, under the well settled rule in such cases, remained in the grantor by operation of law. This being true, the reversion in fee upon the death of the grantor, David Makemson, descended to his heirs generally, subject to being divested upon the birth of children to Hugh N. Makemson, who, as one of the heirs of David Makemson, grantor, upon the death of the grantor became vested with the reversion in fee to said land as tenant in common with the other heirs-at-law of the grantor, subject to being divested as aforesaid. Therefore, when Hugh died without heirs of his body having been born to him, plaintiff in error, as his widow, became vested with one-half of her husband's interest in said land and with

dower in the other half, and the chancellor erred in holding that she had no interest therein.

It is not disclosed by the record whether or not Martha J. Makemson, widow of the grantor, is living nor how many of the children of David Makemson were living at the time of his decease. It was shown that Makemson had nine children. One son, Frank, died without having been married, but the record does not disclose whether his death occurred prior or subsequent to the death of David Makemson. It is therefore impossible to ascertain from the record just what share each of the heirs of David Makemson has in the land in question. As the decree must be reversed and the cause remanded for error in holding that the plaintiff in error has no interest in the land in question this deficiency can be remedied.

The decree will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.                    *Reversed and remanded.*