## NANCY BLAIR *et al.*

*v.*

## MARY G. VANBLARCUM.

WILLS—*construction of a devise of real estate to one, and to the heirs of her body, and to their heirs.* A testator left surviving him a daughter, who was an only child. His will contained this clause: "I will, give, bequeath and devise unto my daughter, Mary Gamble, and to the heirs of her body, and to their heirs and assigns, all of my real estate, of whatever description and wherever situated; and in case the said Mary Gamble shall die without issue, then the real estate hereby willed, bequeathed and devised unto her, shall go to and descend unto my brothers and

sisters, and to their heirs and assigns, in equal proportions:" *Held*, that Mary Gamble took, under this devise, a simple life estate, with a remainder over to the heirs of her body, in fee simple absolute, and that the limitation to her heirs was valid and binding.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. STEVENSON & EWING, for the plaintiffs in error.

Mr. O. T. REEVES, and Mr. C. R. DICKINSON, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The father of Mary Vanblarcum died testate, leaving her as his only child. This is the second clause of his will : "I will, give, bequeath and devise unto my daughter, Mary Gamble, and to the heirs of her body, and to their heirs and assigns, all of my real estate, of whatever description and wherever situated; and in case the said Mary Gamble shall die without issue, then the real estate hereby willed, bequeathed and devised unto her, shall go to and descend unto my brothers and sisters, and to their heirs and assigns, in equal proportions." The will was duly probated, and remains in full force.

Subsequently, Mary intermarried with Jacob C. Vanblarcum, and they have filed this bill, alleging that plaintiffs in error, with other persons, are the sisters and brothers of the testator, claiming that the will vested in Mary Vanblarcum the unconditional fee simple title to the lands of which testator died seized; that the limitation over to the heirs of her body, and in case of her death without issue then to the brothers and sisters of testator, is inoperative and void at law, but operates as a cloud on her title. The bill prays for a construction of the will, and that the conditional limitation over be declared void, and that Mary be decreed the owner in fee simple absolute. To this bill defendants below filed a

demurrer, which was overruled by the court, by which defendants abided, and the court granted the relief sought, which is the error assigned on this record.

Under the ancient English tenures, where a person conveyed real estate to another and the heirs of his body, it was held, that the grantee took only a conditional fee, and in the event of his death without such heirs, the title reverted to the grantor. But to enlarge the estate, and free it from the reversion, it came to be held that, as soon as an heir of the body of the grantee was born, the condition was performed, and if he then sold he could pass the fee, and thus bar the reversion, and cut off any title that might have vested in the heir. But this rule was changed by the statute of 13 Edw. I, chap. 1, commonly called the statute *de donis conditionalibus.* That statute enacted, that from thenceforth the will of the donor be observed, and the tenements so given to a man and the heirs of his body should, at all events, go to such issue, if there were any, or if none, should revert to the donor. And in construing this statute, the courts held the donee had no longer a conditional fee, which became absolute on the birth of issue, but they divided the estate into two parts, leaving in the donee a new kind of particular estate, which they called a "fee tail," and vesting in the donor the ultimate fee simple of the land expectant on the failure of issue, which expectant estate is now called a reversion. (Black. Com. vol. 2, p. 112.)

Thus we see that fee tails have grown out of this statute of Westminster.

We shall now inquire how an estate tail is created, and whether such is the character of the estate devised by this will.

Blackstone informs us, (vol. 2, p. 114,) that as the word "heirs" is necessary to create a fee, so, in further limitation of the strictness of the feudal donation, the word "body," or some other words of procreation, are necessary to make it a fee tail, and ascertain to what heirs in particular the fee is

limited.   The words employed in this case fall fully within the requirements of the law to create an estate tail general.

Then what, under this law, as it stood independent of statutory enactment by our General Assembly, was the estate devised to Mrs. Vanblarcum?   According to the authorities, the donee acquired but a life estate in effect ; but he was not impeachable for waste committed on the estate, by felling timber, pulling down houses, and the like ; that his wife should have dower of the estate, or the husband of a female tenant may be tenant by the curtesy, but the estate could be destroyed, and the title of the heir barred by a fine, by a common recovery or by lineal warranty, descending with assets to the heir.   But in no other manner could the donee sell and convey the property so as to deprive the heir of an estate in the property similar to that of his ancestor.   And, independent of our statute, the devisee and the heirs of her body would have taken and held an estate tail, according to the provisions of the statute of Westminster.

The sixth section of our Conveyance Act has provided, that where, by the common law, any person might become seized, in fee tail, of any lands, tenements or hereditaments, by virtue of any devise, gift, grant, etc., such person, instead of becoming seized thereof in fee tail, shall be deemed and adjudged to be and become seized thereof for his or her life only, and the remainder shall pass, in fee simple absolute, to the person or persons to whom the estate tail would, on the death of the first grantee, donee or devisee in tail, first pass, according to the course of the common law, by virtue of such devise, gift, grant, or conveyance.   This enactment, then, has unmistakably defined Mrs. Vanblarcum's interest, under the devise in the will of her father, to be a simple life estate, with a remainder over to the heirs of her body in fee simple absolute.   Hence that limitation is valid and binding, both under the common law and this statute, and the limitation to her heirs is valid and binding

At the common law, before the statute *de donis*, when such a conveyance was made, and the grantee died without issue, the estate reverted to the donor.   And such would, no doubt, be the case under this devise, unless its course is changed by the further limitation over to the brothers and sisters of testator.   As to whether that limitation is too remote to be enforced, we decline to consider, inasmuch as the contingency on which they can take may never occur, as the devisee may, now or hereafter, have heirs of her body, who will take the absolute fee in remainder.   At any rate, this record presents no facts requiring a discussion of that question, and it will be time to determine it when presented for decision.

The decree of the court below, in overruling the demurrer, was erroneous, and it must be reversed.

*Decree reversed.*

Mr. JUSTICE SCOTT took no part in this decision.