CHARLES W. BUTTERFIELD *et al.*

*v.*

ELIZABETH SAWYER *et al.*

*Opinion filed October 19, 1900—Petition stricken from files December 6, 1900.*

1. VESTED RIGHTS—*future expectation of property is not a vested right.* A mere expectation of property in the future is not a vested right, and may be changed, modified or abolished by legislative action.

2. DEEDS—*when deed itself is the only criterion of grantor's intention.* If there is no ambiguity in the terms used in a deed, or if the language used has a settled legal meaning, the deed itself is the only criterion of the grantor's intention.

3. SAME—*deed construed as to when adopted child will take remainder as "heir generally."* A remainder to go to the "heirs generally" of the grantee in case of her death leaving no child or children, will pass to an adopted child of the grantee by virtue of his right of inheritance conferred by the Adoption act, even though such act was not in existence when the deed was made, if there is nothing to show that the term "heirs generally" was not used in its legal sense.

MAGRUDER, J., and BOGGS, C. J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

Appellants filed their bill in the circuit court of Cook county for the partition of certain lands in that county, claiming to be the heirs-at-law of Adeline B. Gellatly and tenants in common with appellees, except Roy Gellatly and his guardian.    They base their claim of title to the premises in question upon a certain deed made in Feb-

ruary, 1853, by their grandfather, Justin Butterfield, to Adeline Butterfield, his daughter. After setting out the parties thereto, that deed reads: "That the said Justin Butterfield, and Elizabeth, his wife, as well for and in consideration of the natural love and affection which they have and do bear unto the said Adeline Butterfield, as also for the better maintenance, support and livelihood of her, the said Adeline Butterfield, have given, granted and confirmed, and by these presents do give, grant and confirm, unto the said Adeline Butterfield, * * * to have and to hold all and singular the premises hereby granted and confirmed or mentioned, or intended so to be, with the appurtenances, unto the said Adeline Butterfield for and during her natural life, with remainder to her child or children that may be living at the time of her decease, and to the heirs and assigns of such child or children forever, and in default of child or children of the said Adeline Butterfield at the time of her decease, then to the heirs generally of the said Adeline Butterfield forever, except no part shall go to George Butterfield." George Butterfield was a brother of Adeline.

After the making of the deed above set out, Adeline Butterfield married and became the widow of one Francis Gellatly, who died leaving no children of Adeline Gellatly surviving. Subsequently the widow, by proper proceeding in the county court of Cook county, adopted a child, Roy Cramer, (now Roy Gellatly, one of the appellees herein,) and in the decree of adoption entered by the county court it was provided that from the date thereof "the said Roy Cramer shall, to all legal intents and purposes, be the child of the petitioner, Ada B. Gellatly, and for the purposes of inheritance, and all other legal incidents and consequences, shall be the same as if he had been born to her in lawful wedlock," and that the name of the child shall be changed to Roy Gellatly. Adeline Gellatly died leaving no child or children by birth. The bill alleges that Roy Gellatly, the adopted

child of Adeline Gellatly, (*nee* Butterfield,) is in possession, by his guardian, of the premises in controversy and collecting the rents, and asks the appointment of a receiver therefor; prays that Roy Gellatly and his guardian shall let appellants and their co-tenants into possession of the premises, and that partition be made of the same.

The circuit court, on the hearing, entered a decree finding that by virtue of the decree of adoption the appellee, Roy Gellatly, became the remainder-man under the deed from Justin Butterfield to Adeline Butterfield (Gellatly), and that upon her death, as her child and sole heir-at-law, he became seized in fee simple of the premises described in the deed, and enjoined the appellants and their co-tenants from claiming any right, title or interest in the premises. From that decree of the circuit court the appellants, their co-tenants (appellees) joining them, prosecute this appeal.

JOHN T. BARKER, for appellants.

BULKLEY, GRAY & MORE, and HECKMAN, ELSDON & SHAW, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The *habendum* clause of the deed in question here, after creating a life estate in the grantee, Adeline Butterfield, presents what is sometimes termed a contingency with a double aspect. The first event or aspect contemplated is that the grantee should have a child or children, who should take the remainder in fee simple, limited upon the life estate. In the event of the death of the life tenant leaving surviving her no child or children to take the remainder, then the second aspect of the deed was to become effective and vest the remainder in the "heirs generally of the said Adeline Butterfield," with the exception of George Butterfield. The court below decreed that Roy Gellatly, the adopted child of Adeline Gellatly, (*nee* Butterfield,) by virtue of his adoption became the

"child" of the grantee, within the meaning of the language of the deed. This decree is earnestly opposed by the appellants on the ground that at the date of the conveyance in question, February, 1853, there was in effect no statute of adoption in this State, and that the grantor, therefore, could not and did not, in creating the remainder in the deed in the "child" or "children" of Adeline Gellatly, contemplate the adoption by her of a child, and that to so decree is, in effect, the creation of an artificial child, which at the date of the deed could have and did have no existence in contemplation of law or in the mind of the maker of the deed.

The question presented for our decision is, who is entitled to the fee in the premises in controversy?—and in our view of the case, so far as the ultimate vesting of the fee is concerned, it does not matter whether or not Roy Gellatly, the adopted child, is a "child" within the meaning of the deed, and entitled, as such, to the remainder upon the determination of the life estate. If it should be held that the circuit court committed no error in its finding, the remainder, as a matter of course, vests in Roy Gellatly. If, however, it be conceded that that finding, in so far as it holds Roy Gellatly a "child," within the meaning of the deed, is erroneous, still, in our opinion he must take the fee as "heir generally" of Adeline Gellatly under the second aspect of the contingency in the deed.

Appellants and their alleged co-tenants, if entitled to the fee at all, must be the "heirs generally" of Adeline Gellatly. Their estate as such, prior to her death, would have been but a mere expectancy, contingent upon her death without child or children in whom the remainder should vest, and in no sense a vested right. It is well settled that a mere expectation of property in the future is not a vested right, and may be changed, modified or abolished by legislative action. (*McNeer* v. *McNeer*, 142 Ill. 388; *Jackson* v. *Jackson*, 144 id. 274; *Henson* v. *Moore*, 104 id. 403.) A contingent remainder, such as appellants

had in the premises prior to the decease of Adeline Gellatly, does not rise to the dignity of an estate in the land and confers no interest in the seizin. Strictly speaking it is not an estate at all, but a mere chance of having one if the contingency turn out favorably to the remainderman. (20 Am. & Eng. Ency. of Law, p. 849.) It will be conceded that if Adeline Gellatly had died leaving no child capable of becoming her heir-at-law, appellants and their alleged co-tenants would be entitled to the fee in the premises in controversy under that clause of the deed granting the remainder to the "heirs generally of the said Adeline Gellatly."

It is earnestly insisted on behalf of appellants that the grantor by the term "heirs generally" meant "collateral heirs," but we find no warrant in the deed for so holding. The deed itself does not show that he used the language "heirs generally" in any other than its commonly accepted legal sense. To hold otherwise is to enter the field of speculation as to his intentions, which is not permissible. In giving construction to deeds we are confined to the terms of the instrument itself, the object being to ascertain the intention of the grantor as expressed by the language used, and not the unexpressed purpose which may at the time have existed in his mind. Where there is no ambiguity in the terms used, or where the language used has a settled legal meaning, the instrument itself is the only criterion of the intention of the party. (*Fowler* v. *Black*, 136 Ill. 363; *Bradish* v. *Yocum*, 130 id. 386; *Ballance* v. *City of Peoria*, 180 id. 29.) Anderson defines "heir general" as "he upon whom the law casts the realty of an intestate." (Anderson's Law Dic. p. 508.) Bouvier defines "heir general" as "heir at common law," and defines "heir at common law" as "he who is born or begotten in lawful wedlock, and upon whom the law casts the estate in lands, tenements or hereditaments immediately upon the death of the ancestor." (1 Bouvier's Law Dic. p. 746.) Again, "heir" is defined as "one who, upon

the death of another, acquires or succeeds to his estate by right of blood and by operation of law; he upon whom the law casts the estate immediately upon the death of the ancestor." (2 Blackstone's Com. p. 201.) In the Roman law and in the modern civil law "heir" has a more extended signification than in the common law. By it the term is applied to all persons entitled to succeed to the estate of one deceased, whether by act of the party or by operation of law. (9 Am. & Eng. Ency. of Law, p. 357.)

Adoption of children was a thing unknown to the common law but was a familiar practice under the Roman or civil law, and our modern statutes of adoption are taken from the latter, and so far modify the rules of common law as to the succession of property. The Illinois Statute of Adoption provides that "a child so adopted shall be deemed, for the purposes of inheritance by such child, * * * and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock." It is not and could not be contended that if Adeline Gellatly had died intestate owning property in her own right, the appellee, her adopted child, would not have succeeded to her estate, under the Statute of Adoption, as her "heir general." The deed in question here, in the event of the failure of the first contingency, conveys the premises therein described, not to the heirs general of the grantor, but to the "heirs generally" of the grantee, Adeline Butterfield (Gellatly), and there being no language in the deed to indicate that the grantor used the words in any but their ordinary legal signification, "heirs generally" must be held to indicate the adopted child, Roy Gellatly,—the person upon whom the law, as now fixed by the legislature, has impressed the character of "heir" of Adeline Gellatly.

For the reasons indicated we think the circuit court committed no error in holding that appellee Roy Gellatly is entitled to the fee in the premises described in the

deed from Justin Butterfield to Adeline Butterfield, and in enjoining appellants and their co-tenants from claiming any right, title or interest in the premises, and its decree will accordingly be affirmed.

*Decree affirmed.*

Mr. JUSTICE MAGRUDER, dissenting:

I cannot concur in the reasoning of this opinion. If there is anything that is clear about the deed of Justin Butterfield to his daughter it is that he intended to draw a distinction between her children and her "heirs generally." "Heirs generally" was intended to mean something else than a child, and this intention is clearly manifested by the reference to George Butterfield, the grantor's son and the brother of Mrs. Gellatly. In default of "children" the "heirs generally" are to take. Clearly, the adopted son, Roy Gellatly, could not take as one of the "heirs generally." He could only take, if at all, as a child. The reference, in the use of the words "heirs generally," is manifestly to collateral heirs, the class to which Mrs. Gellatly's brother, George Butterfield, belonged. Roy Gellatly cannot be an heir of any kind, except so far as he becomes such by being an adopted child. If he was not a child, then Mrs. Gellatly died without children, and the "heirs generally" take, and he cannot be classed among them not being a child, and not being related in any way otherwise than by adoption. If the grantor did not intend to refer to an adopted child of his daughter as one of her children, then he could not by the same reasoning have intended to refer to such adopted child, as one of her "heirs generally." If no future act of adoption was within the grantor's contemplation, it was not so for the purpose of making such adopted child an "heir generally" any more than it was for the purpose of making him a "child."

Mr. CHIEF JUSTICE BOGGS: I concur in the dissenting opinion of Mr. Justice MAGRUDER.