(No. 12230.—Decree affirmed.)

EDWARD J. DONEY *et al.* Appellees, *vs.* RICHARD CLIPSON *et al.* Appellants.

*Opinion filed October 21, 1918.*

DEEDS—*when grantee takes a life estate, only.* A deed to the grantor's son "and his heirs of his body," the *habendum* clause providing that the grantee is to hold the real estate for the term of his natural life, only, "with remainder to his heirs of his body," passes a life estate to the grantee, under section 6 of the Conveyances act, with remainder in fee to his children, which is contingent until the birth of a child, when it vests subject to being re-opened to let in after-born children. (*Duffield* v. *Duffield*, 268 Ill. 29, distinguished.)

APPEAL from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

LINDLEY, PENWELL & LINDLEY, for appellants Richard Clipson and Albert Clipson.

L. O. WHITNEL, for appellant the Consolidated Coal Company of St. Louis.

ACTON & ACTON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Vermilion county entered a decree upon a bill for partition finding the title as alleged in the bill, awarding partition accordingly and quieting the title, and certain of the defendants appealed.

The only question argued is the effect of the following deed:

"The grantor, Jesse Doney, of the county of Vermilion and State of Illinois, for and in consideration of natural love and affection and one dollar in hand paid, does hereby grant, bargain, sell, convey and warrant to his son, Lincoln Doney, and his heirs of his body, the following described real estate, to-wit: The southeast quarter of the southeast quarter and all that part of the west half of the southeast quarter of section 3, township 18, north, range 13, west, lying south of the Wabash, St. Louis and Pacific railroad, situate in the county of Vermilion and State of Illinois, to have and to hold the said real estate unto the said Lincoln Doney from and after the death of the grantor for and during the term of the natural life, only, of said Lincoln Doney, with remainder to his heirs of his body in fee simple forever, reserving, however, to said grantor, Jesse Doney, the full possession, control and use of and estate in and to said lands and premises for and during the term of his natural life.

"This conveyance shall not be considered as an advancement within the meaning of section 4, chapter 39, Revised Statutes of Illinois, entitled 'Descent.'

"Witness my hand and seal this 26th day of October, 1882."

Jesse Doney was the owner of the land. Edward J. Doney is the only child and heir of Lincoln Doney. The

appellants claim that the deed conveyed a fee simple to Lincoln Doney; the appellees, that it conveyed only a life estate to him with remainder to the heirs of his body. If it conveyed a fee simple the decree is wrong; if a life estate, only, the decree is right.

The ordinary form of a conveyance in fee tail at common law was a grant to A and the heirs of his body, and the *habendum* clause, which was a part of a formal common law conveyance, was, to have and to hold to A and the heirs of his body. A granting clause in a deed substantially in the language "to A and the heirs of his body" defines the estate granted as a fee tail at common law, which section 6 of our Conveyance act has turned into a life estate in A with remainder in fee to his children, contingent until their birth if he has none but vested if he has a child, subject to open and let in after-born children. *Blair* v. *Vanblarcum,* 71 Ill. 290; *Frazer* v. *Peoria County,* 74 id. 282; *Lehndorf* v. *Cope,* 122 id. 317; *Lewis* v. *Pleasants,* 143 id. 271; *Welliver* v. *Jones,* 166 id. 80; *Kyner* v. *Boll,* 182 id. 171; *Atherton* v. *Roche,* 192 id. 252; *Coogan* v. *Jones,* 278 id. 279.

Counsel for the appellants rely upon the case of *Duffield* v. *Duffield,* 268 Ill. 29. In that case the parties were described in the commencement of the deed as follows: "This indenture, made this 28th day of March, A. D. 1894, between James M. Duffield, (a widower,) of the county of Pike and State of Illinois, grantor, and Henry T. Duffield (a son of said grantor) and the heirs of his body, grantee." By the granting clause which follows, "the said grantor * * * conditionally grants, bargains, sells and conveys unto the said grantee the following described real estate," etc. The grantee is "Henry T. Duffield and the heirs of his body," who are coupled together as the grantee in the description of the parties, and it was held that the words "heirs of his body," so used, were descriptive of the grantee and not descriptive of the estate granted; that the deed

purported to convey a present interest both to Henry T. Duffield and the heirs of his body, and that since there were no heirs of his body Henry T. Duffield took the whole estate. It is stated in the opinion that there was no *habendum* clause limiting the estate granted and there were no words in the granting clause importing a conveyance to Henry T. Duffield limited to the heirs of his body, but it named him and the heirs of his body as the grantee of the estate conveyed and purported to convey to said grantee an immediate estate in possession. In this case the *habendum* clause sets all controversy at rest. It is, "to have and to hold the said real estate unto the said Lincoln Doney from and after the death of the grantor for and during the term of the natural life, only, of said Lincoln Doney, with remainder to his heirs of his body in fee simple."

Section 13 of the Conveyance act provides that "every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." If the words in the granting clause, "his heirs of his body," were to be regarded as descriptive of the grantee and not of the estate granted then there were no words to pass an estate of inheritance in the deed and section 13 would apply, and the *habendum* clause by express words clearly limits the estate granted to one for the life of Lincoln Doney with remainder to the heirs of his body. Without regard to section 13, however, this is the effect of the deed under the former decisions of this court, and the decree of the circuit court being in accordance with this construction is affirmed.                  *Decree affirmed.*