FRANK DANBERG *et al.* Appellees, *vs.* A. LANGMAN *et al.* Appellants.

*Opinion filed October 28, 1925.*

1. WILLS—*when devise creates life estate with contingent remainder, under Conveyances act.* Where a testator, after creating a life estate in his wife, devises the property to his daughter, "to have and to hold to her and the heirs of her body forever," and in the event of her death without issue surviving, "all of said property remaining shall be divided equally" among the testator's heirs and his wife's heirs, a life estate, only, is vested in the daughter under section 6 of the Conveyances act, with a contingent remainder until the birth of issue to her, and pending such contingency the reversion in fee descends to the testator's heirs.

2. DEEDS—*when conveyance destroys a contingent remainder—specific performance.* Where a deed creates life estates with a contingent remainder under section 6 of the Conveyances act, a conveyance of the life estate and the reversion in fee prior to the taking effect of the act of 1921 abolishing the destructibility of contingent remainders will destroy the remainder by merger of the life estates and the reversion and will give the grantee in said conveyance a merchantable title, the acceptance of which he may enforce in a suit for specific performance of a contract for sale or exchange.

3. SPECIFIC PERFORMANCE—*demurrer admits allegations of bill as to ground of refusal to perform.* Where a bill for specific performance of a contract for a conveyance alleges that the defendant refused to perform because he objected to the title as derived from

the provisions of a will, a demurrer to the bill admits all allegations well pleaded, including the allegation as to the ground of refusal to perform.

4. SAME—*a party alleging one ground of refusal to perform is estopped to allege other grounds when suit is brought.* Where a party to a contract refuses to perform and bases his refusal on one ground he waives all other grounds, or is estopped, when suit is brought, from setting up other grounds for his refusal.

5. SAME—*general rule as to when specific performance is allowed.* Specific performance will not be enforced as a matter of course when it will impose unreasonable or unjust hardship, but when the necessary elements and conditions are present it will be enforced as a matter of right and not as a matter of favor.

APPEAL from the Circuit Court of Rock Island county; the Hon. CHARLES J. SEARLE, Judge, presiding.

WITTER & WALKER, for appellants.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, (CYRUS E. DIETZ, and J. J. NEIGER, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The bill in this case was filed by appellees, as complainants, against defendants, (appellants,) for the specific performance of a contract to convey real estate. A general demurrer to the bill was filed by appellants. The court overruled the demurrer, and appellants refusing to answer further, a decree was entered as prayed in the bill. This appeal is prosecuted from that decree.

The substance of the material facts as set out in the bill are, that on April 12, 1924, A. Langman, as party of the first part, and Frank Danberg, as party of the second part, entered into a contract by which Langman agreed to sell and convey to Danberg, and Danberg agreed to purchase from Langman for the sum of $5300, lot 9 in Ellen Andrews' addition to the city of Rock Island, subject to a

mortgage of $2500 to the Central Trust and Savings Bank. The property was to be paid for by Danberg by the conveyance to Langman of the equity in the north half of lot 5, block 1, in Columbia Park addition, valued at the sum of $2067.80, also a $2500 loan which was to take up the mortgage held by the bank, and the balance was to be paid in a note for five years for $732.20. The terms of the contract were to be complied with on or before May 1, 1924, all papers and money in connection with the transaction were to be deposited in escrow with the H. H. Cleaveland Agency at Rock Island, and Cleaveland was authorized to deliver the money and papers according to the terms of the contract. The bill alleges Danberg on May 1, 1924, tendered a performance of the contract on his part and demanded a conveyance by Langman, but Langman refused to comply with the demand and the contract on the ground that Danberg could not make a conveyance of good title to the equity in the north half of lot 5, block 1, Columbia Park addition. The bill further avers that the property was owned in his lifetime by Peter Gottsman, who died testate in December, 1901, and by his will devised the property to his wife, Barbara, for life or during her widowhood. At her death or re-marriage the property was devised to testator's daughter and only child, Katharina, "to have and to hold to her and the heirs of her body forever, and if my said daughter should die without issue living, and my said wife being also dead or re-married, then all of said property remaining shall be divided equally," one-half to testator's heirs and one-half to his wife's heirs. The bill alleged Katharina has since the death of her father married Josh R. Brooks and has never had issue born to her; that at testator's death his daughter became seized, as his only heir, of the reversion in fee until the happening of the contingency provided in the will,—the birth of a child to her. The bill further alleges the will created contingent remainders after the termination of the life estates of testator's

wife and daughter; that if Katharina died without issue living, then said remainder should be divided and go in equal shares to the heirs of the testator and the heirs of his wife, Barbara, but upon the vesting of the remainder, and until issue born to Katharina, the reversion in fee was vested in her; that for the purpose of destroying the contingent remainder, Barbara, and Katharina and husband, by warranty deed conveyed both the life estates and the reversion in fee to Frank Danberg and Nettie Danberg, his wife; that by said conveyance the life estates and reversion in fee became merged, the contingent remainders were thereby destroyed, and Frank and Nettie Danberg became vested with a fee simple title to the equity in the property. Danberg offered to convey to Langman, by deed executed by himself and wife, the property, and to comply with all the other terms and conditions of the contract required to be performed by him.

The contentions of appellants are, that the title of appellees to the north half of lot 5, block 1, Columbia Park addition, was subject to such reasonable doubt that appellants were not bound to accept it and perform the contract on their part, and that the contract was not mutual and capable of being enforced by either of the parties against the other. The only ground upon which they refused to perform the contract alleged in the bill is that appellees' title was defective.

The devise to Katharina under the common law was of an estate in fee tail, but under section 6 of our Conveyance statute it vested in the devisee only a life estate with remainder in fee to the heirs of her body, the reversion in fee being in the heirs-at-law of the testator. The remainder was contingent until the birth of issue to Katharina, and pending such contingency the reversion in fee descended to the testator's heirs. (*Blair* v. *Vanblarcum,* 71 Ill. 290; *Lewis* v. *Pleasants,* 143 id. 271; *Moore* v. *Reddel,* 259 id. 36; *Lewin* v. *Bell,* 285 id. 227; *Jones* v. *Makemson,* 293 id.

534; *Brinkerhoff* v. *Butler,* 296 id. 368.) That contingent remainders are subject to be destroyed by merger of the life estate and reversion in fee was uniformly held by this court from *Bond* v. *Moore,* 236 Ill. 576, (decided in 1908,) until the act of 1921 abolishing the destructibility of contingent remainders. That act was not retroactive, (*Edmiston* v. *Donovan,* 300 Ill. 521,) and the conveyances of the life estates and reversion here under consideration were made in 1920.

The title to the north half of lot 5 was conveyed by the life tenant and the owner of the reversion in fee to Frank Danberg and Nettie Danberg, his wife. The contract was signed only by Frank, and appellants contend its performance could not have been enforced at their instance, and being unenforcible against one party it cannot be enforced against either. The bill alleged appellees on May 1, 1924, (the day the contract was to be performed,) offered to convey the north half of lot 5 by deed executed by them and to perform the other conditions of the contract they agreed to perform, but Langman refused to perform the contract on his part and gave as the reason for his refusal that appellees could not convey good title to the property, and refused to accept a deed tendered to him signed by Danberg and wife. It does not appear from the bill that he had refused, or notified Danberg of an intention to refuse, to comply with the contract before Danberg tendered performance. On the day Danberg tendered a deed signed by himself and wife conveying title to the north half of lot 5, Langman, according to the bill, based his refusal to perform on the ground that appellees' title was not sufficient. The demurrer admits the allegations of the bill well pleaded to be true. Langman could not have objected to performance on the ground that appellees owned title to only one-half the property, for they tendered him a deed signed by both of them. By his conduct Langman admitted

his refusal to perform was on the ground that under the will of Gottsman, from whose devisees appellees claimed title, the sufficiency of their title was open to reasonable doubt, and on that ground he could not be required to perform the contract by a court of equity. The title of the Danbergs was a merchantable title, and that objection was not a valid one. That Langman's refusal to perform the contract was based upon the objection that appellees could not convey a title which was merchantable is to be treated as admitted by the demurrer. It is a well settled rule that when one party to a contract refuses to perform and bases his refusal on one ground he waives all other grounds, or is estopped, when suit is brought, from setting up other grounds for his refusal. *Gibson* v. *Brown,* 214 Ill. 330; *Miller* v. *Gordon,* 296 id. 346; *Vincent* v. *McElvain,* 304 id. 160; *County of Schuyler* v. *Missouri Bridge Co.* 256 id. 348; *Ohio and Mississippi Railway Co.* v. *McCarthy,* 96 U. S. 258.

It is also contended specific performance is not a matter of right but rests in the sound discretion of the court. It will not be enforced as a matter of course when it will impose unreasonable or unjust hardship, but when the necessary elements and conditions are present it will be enforced as a matter of right and not as a matter of favor. *Baltimore and Ohio Southwestern Railroad Co.* v. *Brubaker,* 217 Ill. 462; *Miller* v. *Shea,* 300 id. 180; *Allen* v. *Hayes,* 309 id. 374.

No complaint is made that appellants were deceived or that they were in any manner misled as to the value of the respective properties.

The law justified the decree, and it is affirmed.

*Decree affirmed.*