RAYMOND ARTHUR JENNINGS *et al.* Appellants, *vs.* ALICE E. CAPEN *et al.* Appellees.

*Opinion filed April 23, 1926—Rehearing denied June 2, 1926.*

1. WILLS—*when contingent remainder is destroyed by merger of life estate and reversion at common law.* Where a person takes a life estate under a will and upon the testator's death becomes vested with the reversion in fee by descent pending the taking effect of the contingent remainder there is no merger of the life estate in the reversion, and a merger in such case takes place, under the common law, only when the person who is life tenant and reversioner conveys to another both life estate and reversion.

2. SAME—*act of 1921 takes away right to destroy contingent remainder by conveyance.* While the act of 1921 to prevent the destruction of contingent remainders has no retroactive effect and does not apply to conveyances made before the act took effect, it takes away the right to destroy the contingent interest by conveyance although the will or instrument creating the particular estate and the contingent interest with the reversion took effect prior to 1921, as the right to bar or destroy a contingent interest by conveyance is not a vested right and if not exercised before the statute went into effect is abrogated by the act.

3. STATUTES—*legislature may change or abolish expectant estates.* The legislature may change, modify or abolish expectant estates of all kinds, as a mere expectation of property in the future is not considered a vested right.

APPEAL from the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding.

JOHN McNUTT, for appellants.

CARL D. KIGER, guardian *ad litem*, for appellee Howard B. Jennings.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Ichabod Jennings, a resident of Coles county, died testate on June 26, 1910. He left surviving as his only heirs, Abbie E. Jennings, his widow, Alice E. Capen, his daughter, and Raymond A. Jennings, his son. His will was admitted to record by the county court of Coles county on July 30, 1910. By his will he devised certain farm lands, approximately 300 acres, to his widow for life, and upon her death to his son and daughter in common for their lives, and upon their deaths, in equal portions in fee, to any grandchildren of the testator then living. The estate was administered and declared settled. The widow continued in possession of the lands until her death, on November 24, 1924, after which the daughter and son took possession. On January 23, 1925, Raymond A. Jennings and Elizabeth B. Jennings, his wife, executed a warranty deed to C. D. Coddington, in which they recited, among other things, that Raymond and Alice E. Capen by the terms of the testator's will were life tenants in possession of the farm lands, and by the law of descent, because of a partial intestacy of the testator, were also the owners of the reversion in fee simple of the lands pending the vesting in interest of the contingent remainder devised by the will; that Howard B. Jennings, who was the only child of Raymond A. Jennings and the only grandchild of the testator, had the contingent remainder, which was dependent upon his survival of his

father and aunt, and that it was the purpose of the grantor, Raymond A. Jennings, to convey his reversion in fee, to the· end that when his life estate was acquired by the grantee it would merge in the reversion and be prematurely destroyed and the grantee would be immediately vested with the ·title in fee simple, free from the contingent remainder created by the will. By this deed Raymond A. Jennings' reversion in fee in the undivided one-half of the farm lands was conveyed to Coddington. The same grantors by another deed, also dated that day, conveyed Jennings' life estate to the same grantee. In this deed the grantors recited that they had conveyed their reversion to Coddington, and that by the conveyance of the life estate it was intended to merge it in the reversion in fee and to destroy the contingent remainder of Howard B. Jennings, testator's only grandson. Coddington, the grantee in these two deeds, by a quit-claim deed dated January 24, 1925, re-conveyed the lands to Raymond A. Jennings and the three deeds were immediately filed for record.

Subsequently, on March 4, 1925, Raymond A. Jennings and his wife filed their bill for partition in the circuit court of Coles county against Alice E. Capen, Howard B. Jennings and the tenants in possession of the lands. In addition to the facts above recited the bill alleged that by the two deeds to Coddington and the deed from him to Raymond A. Jennings they successively became vested with the title in fee simple to an undivided one-half of the lands; that Alice E. Capen was the owner of a life estate and of the reversion in the other undivided one-half, subject to divestiture of the reversion upon her death and the survival, at the time, of a grandchild or grandchildren of the testator, and that the grandchild, Howard B. Jennings, had no interest whatever in the undivided one-half of the lands owned by Raymond A. Jennings, but might on the happening of the contingency have an interest in the other undivided one-

half in which Alice E. Capen had both a life estate and the reversion. The bill further alleged that owing to the creation of the contingent remainder and the effect thereon of an act entitled "An act concerning future interests," approved and in force July 2, 1921, Alice E. Capen charged that the title to the lands was uncertain, and refused, in consequence, to make partition; that the act had, in fact, no application to the conveyances made, because Raymond A. Jennings' right to destroy the contingent remainder had become vested upon the death of the testator on June 26, 1910, many years prior to the enactment of the statute, and that this right could not for that reason be abrogated by the General Assembly. It was also alleged that Alice E. Capen, Raymond A. Jennings and Howard B. Jennings were, respectively, sixty-three, fifty-two and nineteen years of age, and that there would be no grandchild of the testator other than Howard B. Jennings.

The bill was taken as confessed by the adult defendants. A guardian *ad litem* was appointed for Howard B. Jennings, the minor, and an answer was filed in his behalf. The complainants supported their bill by oral and documentary evidence. The bill was dismissed for want of equity, and the complainants prosecute this appeal.

Ichabod Jennings, the testator, did not devise the fee in the farm lands except by the provision for the contingent remainder. The reversion in fee, therefore, immediately upon his death descended to Alice E. Capen and Raymond A. Jennings, the testator's sole heirs, subject to divestiture by the happening of the event upon which the contingent remainder is to take effect. The heirs are also life tenants under the will. Where a person takes a life estate under a will and upon the testator's death becomes invested with the reversion in fee by descent pending the taking effect of the contingent remainder, there is no merger of the life estate in the reversion. In such cases, by the common law

the merger occurs when the person who is life tenant and reversioner conveys to a third party both the life estate and the reversion. Kales on Estates and Future Interests, (2d ed.) sec. 311; *Bond* v. *Moore,* 236 Ill. 576; *Benson* v. *Tanner,* 276 id. 594; *Friedman* v. *Friedman,* 283 id. 383; *Gray* v. *Shinn,* 293 id. 573; *Fisher* v. *Easton,* 299 id. 293; *Nelms* v. *Turner,* 308 id. 613.

Raymond A. Jennings conveyed both his reversion and his life estate by separate deeds to Coddington. In these deeds it was expressly stated that they were made with the intention of merging the life estate in the reversion and of destroying the contingent remainder. These conveyances, however, were made on January 23, 1925, more than three and one-half years after the act entitled "An act concerning future interests," approved and in force July 2, 1921, (Laws of 1921, p. 470,) which provides that "no future interest shall fail or be defeated by the determination of any precedent estate or interest prior to the happening of the event or contingency on which the future interest is limited to take effect," became effective. Hence the question arises, Was the right of Raymond A. Jennings to destroy the contingent remainder abrogated by that act? Appellants contend that the right vested in Jennings, as life tenant and reversioner, upon the testator's death on June 26, 1910, and that the subsequent act of July 2, 1921, could not take away that right. The appellees, on the contrary, insist that the right was merely inchoate and had not been consummated by appropriate conveyances at the time the statute was enacted; that the statute did not destroy a vested right but abrogated the capacity or opportunity of the life tenant and reversioner to bar a contingent remainder by future action, and that the act was clearly within the legislative power.

The right or privilege of Jennings to destroy the contingent remainder by conveying both his life estate and the reversion to a third party rested upon a rule of the common

law, which was adopted and followed in this State. (Cahill's Stat. 1925, chap. 28, p. 576; *Bond* v. *Moore, supra; Friedman* v. *Friedman, supra; Gray* v. *Shinn, supra; Fuller* v. *Fuller,* 315 Ill. 214; Kales on Estates and Future Interests,—2d ed.—sec. 310.) By such conveyances the contingent remainder was destroyed and the grantee became vested with the fee. (*Benson* v. *Tanner, supra.*) Until such conveyances were made, however, there was no merger, although the person who took the reversion was also the life tenant. *Bond* v. *Moore, supra; Benson* v. *Tanner, supra.*

The act of July 2, 1921, prohibits the defeat of a future interest by the determination of the precedent estate prior to the happening of the event on which the future interest is limited to take effect. The statute has no retroactive effect and does not apply to conveyances of the life estate and the reversion made before the act took effect. (*Danberg* v. *Langman,* 318 Ill. 266; *Drager* v. *McIntosh,* 316 id. 460; *Edmiston* v. *Donovan,* 300 id. 521.) If the deeds from Jennings and his wife to Coddington had been executed and the contingent remainder had been thereby defeated before the act became effective, Coddington would have acquired the title to an undivided one-half of the farm lands in fee simple. Here, however, the contingent remainder had not been destroyed when the act went into effect. To bar that remainder affirmative action by the life tenant still was necessary, and such action was not taken until after the statute forbade it.

Jennings' right, as life tenant and reversioner, to destroy the contingent remainder was not a vested right. A vested right is one of which the person to whom it belongs cannot be divested without his consent. A divestible right is never, in a strict sense, a vested right. By the failure to exercise Jennings' right the contingent remainder would take effect upon the happening of the event or contingency upon which it depended. Hence his right, without any action on his part, might be divested. It follows that Jennings' right to

bar the contingent remainder, under the law as it stood
when the testator's will took effect, was not a vested but
a mere inchoate right. It was within the legislative power
to deprive Jennings of that right. The general rule is that
the legislature may change, modify or abolish expectant es-
tates of all kinds, since a mere expectation of property in
the future is not considered a vested right. (*Butterfield* v.
*Sawyer,* 187 Ill. 598; *McNeer* v. *McNeer,* 142 id. 388;
*Prall* v. *Burckhartt,* 299 id. 19; *McNamara* v. *McNamara,*
303 id. 191.) In *Butterfield* v. *Sawyer, supra,* a deed con-
veyed a life estate to Adeline Butterfield, with remainder to
her child or children that might be living at the time of her
decease, and in default of a child or children to the heirs
generally of Adeline Butterfield, excepting a brother of Ade-
line. The widow adopted a child, and it was held that the
remainder to the heirs generally passed to the adopted child,
though the act authorizing adoption was not in existence
when the deed was made. In *People's Loan and Exchange
Bank* v. *Garlington,* 54 S. C. 413, 32 S. E. 513, a life ten-
ant had the right to bar a contingent remainder under a
will. He sought to exercise that right, but before he at-
tempted it, although after the will had become effective, the
legislature passed an act prohibiting the destruction of con-
tingent remainders. The court held that the life tenant's
right was inchoate and not vested and that the legislature
had the power constitutionally to deprive him of it. So in
the instant case, Jennings' right to destroy the contingent
remainder, not having been exercised at the time, was abro-
gated by the act of July 2, 1921, and that act was authorized.

The decree of the circuit court is affirmed.

*Decree affirmed.*