(No. 20148.—

FRANK KUSKA *et al.* Defendants in Error, *vs.* JOHN VAN-KAT *et al.* Plaintiffs in Error.

*Opinion filed October 25, 1930—Rehearing denied Dec. 6, 1930.*

LEFKOW & LEFKOW, for plaintiffs in error.

JOSEPH J. KROUPA, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiffs in error, John Vankat and Fannie Vankat, seek to have here reviewed a decree of the superior court of Cook county ordering the specific performance of a contract for the exchange of real estate entered into between plaintiffs in error and defendants in error, Frank Kuska and Ludmila Kuska, his wife, and dismissing for want of equity a cross-bill filed by plaintiffs in error for the rescission of the contract upon which the decree for specific performance was based.

On October 8, 1925, defendants in error were the owners of real estate at 2859 South Clifton Park avenue, Chicago, at which they were conducting a meat market, and on that day entered into a written contract with plaintiffs in error to exchange this property for real estate of plaintiffs in error at 4048 Ogden avenue, Chicago. The contract

provided that plaintiffs in error were to receive $15,000 for their property, subject to an existing mortgage of $3000, and defendants in error were to receive $22,000 for their property, taking as part purchase price a first mortgage of $6000, a junior mortgage of $2500, and certain notes aggregating $1500. On October 17, 1925, both parties executed warranty deeds to their respective properties, which were placed in escrow, along with other documents, with James Masek and Joseph Paskovsky, doing business as the Czecho Slovak Commercial and Realty Company, who were the brokers in the transaction. Both parties executed judgment notes in the sum of $2000 to secure performance of the contract, which were also placed in escrow with the brokers. On October 17, 1925, both parties went interchangeably into possession of the respective properties, but plaintiffs in error thereafter refused to carry out the contract, although defendants in error were at all times ready, willing and able to perform the contract on their part.

The basis of the cross-bill and the defense to the bill for specific performance was that plaintiffs in error had been induced to enter into the contract by means of fraud and misrepresentation as to the material facts made by defendants in error and their agents, the specific charge being that it was falsely represented and guaranteed that the meat market ·was an old established business yielding an income of $700 a week. There is no question but that the written contract was understandingly entered into by the parties and that each of them was fully cognizant of all its terms. The only question of fact in the case was whether or not defendants in error and their agents guaranteed that the business would yield an income of $700 per week and that plaintiffs in error entered into the contract relying upon such guaranty. Plaintiffs in error and a sister of Vankat testified to the making of such guaranty prior to the execution of the contract, while defendants in error, and Joseph Paskovsky, James Masek and Emil Masek, Jr.,

who were all alleged to have been present at the time of the making of such guaranty, denied the making thereof. The uncontradicted testimony shows that prior to the execution of the contract John Vankat inquired as to what the weekly income of the meat market business was and was informed that it was about $700; that Vankat was told that the success of the business depended upon the owner and that he could either make or break it; that Kuska offered to stay with the Vankats for a week or two to introduce them to the customers and break them into the business, as he knew all the customers of the store, but that Vankat refused, saying that he knew everything about the business because he had been in it for eighteen years.

There is no evidence in the record that the representation that the income from the meat market was about $700 weekly while it was conducted by the Kuskas was not true. Kuska testified that prior to the contract his weekly receipts were about $700 or over; that they kept a book of daily receipts for the business, and a book showing such receipts from September, 1923, to October, 1925, was introduced in evidence as an exhibit by defendants in error after inspection by counsel for plaintiffs in error. This exhibit is not shown by either the abstract or the transcript of the record. No excuse for the failure to include this exhibit in the abstract and transcript is shown except the statement of the clerk of the superior court in his certificate to the correctness of the transcript, "except exhibits filed March 14, 1929, which are missing from the files and are not incorporated in the record." The record shows no attempt made in the superior court to supply such missing exhibits or to account for them in any way. There is no evidence in the record tending to show that this book was not a true and correct record of the daily receipts of Kuska's business during the time stated, and there is no evidence that it did not show that the weekly income from the business had been about $700, as represented, during that

time. A statement that the income from a business has amounted to $700 weekly cannot be construed as a guaranty that the same business in the hands of a purchaser will continue to be the same. The master in chancery, who saw and heard the witnesses and saw Kuska's book of daily receipts, found "that the contract herein was fairly and understandingly entered into by both sides and that no circumstances of oppression or fraud appear."

A surveyor testified to making a survey of the Kuska property and that he found that the foundation wall of a building thereon was encroaching about an inch and a half over the lot line of the adjoining lot on the north. The man who owned the adjoining property on the north testified that he did not know whether the building encroached on his lot; that he took his lot as it was measured; that he had a plat showing the survey and measurements of his lot, and that the man from whom he purchased it had it measured. This supposed encroachment was not set up in either the answer or the cross-bill and it cannot be here considered. It is a well settled rule that when one party to a contract refuses to perform and bases his refusal on one ground he waives all other grounds, or is estopped, when suit is brought, from setting up other grounds for his refusal. *Danberg* v. *Langman,* 318 Ill. 266.

In order to justify a court in refusing specific performance of a contract on the ground of fraudulent misrepresentation the burden of proof rests on the person asserting fraud to prove not only that a representation was made in regard to a material existing fact but also that such representation was false. Fraud is never presumed but must be proved by clear and convincing evidence. A mere suspicion of fraud is not sufficient, but if it exists it must be satisfactorily shown. The evidence must be clear and cogent and must leave the mind well satisfied that the allegations of fraud and misrepresentation are true. *Schiavone* v. *Ashton,* 332 Ill. 484.

After a careful examination of the record in this case we are of the opinion that the contract was fairly and understandingly entered into, without any misrepresentation or guaranty of income by defendants in error, and the decree of the superior court should be affirmed.

*Decree affirmed.*