JEANNE AIMONE, Plaintiff-Appellant, *v.* MORGAN M. FINLEY, Circuit Clerk, Defendant-Appellee.

First District (1st Division) No. 82—1154

Opinion filed March 21, 1983.

Law Offices of Terry Sullivan, Ltd., of Rolling Meadows (Terry Sullivan and Nancy J. Nicol, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Randye A. Kogan, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Jeanne Aimone (plaintiff) filed a complaint for *mandamus* to compel Morgan Finley, clerk of the circuit court of Cook County (defendant), to allow plaintiff to examine the sealed court records relating to plaintiff's adoption. Defendant's motion to dismiss the action was granted by the trial court. Plaintiff appeals.

Plaintiff was born on August 5, 1947. On or about September 10, 1947, she was adopted by Gerald and Virginia Aimone. Plaintiff seeks access to the sealed file relating to her adoption on the theory that she has legal right to inherit from the estates of her natural parents.

The Illinois Adoption Act provides (Ill. Rev. Stat. 1981, ch. 40, par. 1522):

> "Upon motion of any party to an adoption proceeding the court shall, or upon the court's own motion the court may, order that the file relating to such proceeding shall be impounded by the clerk of the court and shall be opened for examination only upon specific order of the court, which order shall name the person or persons who are to be permitted to examine such file. Certified copies of all papers and documents contained in any file so impounded shall be made only on like order."

In *In re Roger B.* (1981), 84 Ill. 2d 323, 418 N.E.2d 751, *appeal dismissed* (1981), 454 U.S. 806, 70 L. Ed. 2d 76, 102 S. Ct. 80, the Illinois Supreme Court upheld the constitutionality of the above-quoted provision. In addition, the court held an adoptee must show "good cause" for the inspection of sealed adoption records. (84 Ill. 2d 323, 326.) The supreme court also characterized plaintiff's wish to examine the adoption records as arising from "plaintiff's desire to discover his natural identity," which did not qualify as good cause. 84 Ill. 2d 323, 336.

Nevertheless, plaintiff contends in this court that her interest in the possible inheritance from her natural parents outweighs the policy considerations for keeping adoption files under seal and the legal bar to her inspection of the files deprives her of property without due process of law. We disagree.

■ Plaintiff has a statutory right to inherit from her natural parents. (See Ill. Rev. Stat. 1981, ch. 110½, pars. 2—1, 2—4; *In re Estate of Tilliski* (1945), 390 Ill. 273, 283, 61 N.E.2d 24.) However, the constitutional prohibition against deprivation of property can only attach when the right is vested which is "something more than a mere expectation \*\*\*." (*Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 720, 377 N.E.2d 237, *appeal denied* (1978), 71 Ill. 2d 615.) An expectation of inheritance does not

constitute a vested right. (*Jennings v. Capen* (1926), 321 Ill. 291, 296-97, 151 N.E. 900; see also *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 551-52, 131 N.E.2d 487.) Therefore, plaintiff has failed to establish a violation of due process.

In *In re Roger B.*, the supreme court explained the potent policy interests which are promoted by the sealing of adoption records. Included in those interests are the facilitation of the adoption process by maintaining anonymity of the natural parents, the right to privacy of the natural parents, and the integrity of the new adoptive family. 84 Ill. 2d 323, 329-33.

■ We must reject plaintiff's argument that there could be no violation of the privacy rights of natural parents because they placed plaintiff for adoption before the enactment of the law sealing adoption records. The natural parents in *In re Roger B.* apparently placed the plaintiff there for adoption in 1949, also prior to the enactment of the statute concerning sealing of adoption records. Nevertheless, the court there found the privacy interest of the natural parents was not only a relevant factor but was critical in determining the rights of the parties. See 84 Ill. 2d 323, 329.

■ We simply do not consider the expectation of a possibility that an adopted person may inherit from her natural parents is sufficient cause to open sealed adoption files. If such were the case, every adopted person could circumvent the statute by asserting his right to inherit. The statute would become meaningless and the interests sought to be furthered by the legislature would be frustrated.

Plaintiff contends the decision in *In re Roger B.* is not controlling here because it is limited only to the issue of constitutionality of the above-quoted portion of the adoption statute. We reject this argument. On the contrary we find the opinion in *In re Roger B.* actually transcends the issue of constitutionality and considers the broad background of the policy considerations in protecting the privacy of both the adopting parents and also of the natural parents.

■ Additionally, as an independent ground for affirmance here, we conclude *mandamus* is not an appropriate remedy in the instant case. *Mandamus* is legally proper only where a public official is under a clear obligation to perform a specific duty and "there is a clear right to the requested relief." (*In re Claudia K.* (1982), 91 Ill. 2d 469, 476, 440 N.E.2d 78.) Under the statute in question, the records are to remain sealed unless there is a judicial determination that the files should be opened. Therefore, the clerk of the circuit court cannot have a clear legal duty to open the files at the mere request of the

plaintiff. Furthermore, the standard of showing "good cause" as outlined in *In re Roger B.* requires a case-by-case analysis, which implicitly negates the possibility of a clear duty to act resting upon the clerk of the court as respondent here.

Therefore, we conclude the issues raised by plaintiff are settled by the supreme court in *In re Roger B.* The supreme court expressly held "the trial court did not abuse its discretion in concluding that [plaintiff's] desire to obtain release of the records should not prevail over the potential infringement of the rights of other parties." 84 Ill. 2d 323, 336-37.

For the reasons the judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and CAMPBELL, JJ., concur.